Filed 2/25/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BARRON NICHOLAS HILTON, | B248654 |
| Petitioner, | (Los Angeles County Super. Ct. No. 8MB00474) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Lawrence J. Mira, Judge. Petition granted and cause remanded with directions.

Jonathan K. Golden; Hutton and Wilson and Richard A. Hutton for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest, Fernando Tellez.

Jackey Lacey, District Attorney, Phyllis Asayama and Cassandra Hart, Deputy District Attorneys, for Real Party in Interest, the People.

## INTRODUCTION

In this case, we hold a trial court does not have jurisdiction to modify a defendant's probation to impose restitution after the defendant's probationary term has expired. Such a modification would be erroneous as an act in excess of the trial court's jurisdiction. Moreover, to hold otherwise would subject a defendant placed on probation to a lifetime restitution obligation and there would be no end to the restitution orders trial courts could impose on such a defendant.

Our holding is based largely on *In re Griffin* (1967) 67 Cal.2d 343 (*Griffin*). *Griffin* concluded modification of probation during a defendant's probationary term was permissible, but modification after that term had expired was an act in excess of the trial court's jurisdiction. As we discuss, *Griffin's* progeny and related cases reinforce our holding, as do various Penal Code sections.

## FACTUAL SUMMARY

The facts of the present case place in sharp relief the problems created by a contrary holding. In February 2008, petitioner Barron Nicholas Hilton (Hilton), the defendant, drove a vehicle that struck Fernando Tellez (Tellez), a pedestrian. Based on the incident and pursuant to a plea bargain, Hilton, on April 9, 2008, pled no contest to driving with a blood alcohol level of at least .08 percent (former Veh. Code, § 23152, subd. (b)) and unlawful use of a license (Veh. Code, § 14610, subd. (a)(1)). The court placed Hilton on probation for three years on the condition, inter alia, he pay restitution to Tellez as determined at a restitution hearing. The court scheduled a restitution hearing for June 4, 2008. The court dismissed the remaining counts. Tellez claimed in writing $3,215 in restitution. On September 17, 2008, the court ordered $3,215 in restitution pursuant to stipulation. On January 21, 2009, Hilton filed proof of payment of the restitution.

On January 29, 2009 (i.e., eight days after Hilton filed his proof of payment), Tellez filed a lawsuit against Hilton based on the February 2008 incident. On April 8, 2011, Hilton's probationary term expired by operation of law. On June 7, 2011, a jury

awarded Tellez $4.6 million in the civil case and, in August 2012, the case settled for $3.5 million.

On November 28, 2012, more than one year and seven months after Hilton's probation expired, after Hilton had paid the restitution requested by Tellez, and after Hilton had settled the civil lawsuit for $3.5 million, Tellez filed a motion seeking more than $886,000 in additional restitution (motion). The additional restitution was for attorneys' fees and costs in the civil case, attorneys' fees and costs pertaining to the motion, future attorneys' fees and costs for restitution, future lost wages, and accounting fees incurred in the calculation of those wages, less the $3,215 already paid for restitution. Tellez contended in his written motion that restitution was authorized by former article I, section 28, subdivision (b) of the California Constitution (former article I, section 28, subdivision (b)), a subdivision providing for restitution for crime victims, and Penal Code[1] section 1202.4, subdivision (f)(1), that states, inter alia, "The court may modify the amount [of restitution], on its own motion or on the motion of the district attorney, the victim or victims, or the defendant."

At the April 3, 2013 hearing on the motion, the court held it had jurisdiction to impose additional restitution. At the hearing, the court ruled the $3,215 restitution award was essentially an unauthorized restitution order that could be corrected at any time. The court indicated that even though the order was based on information that was presented in good faith, and that was accurate at the time of the order, and even though Hilton had paid in good faith the restitution ordered, the order was nonetheless unauthorized because it was not full restitution. The court also characterized the $3,215 restitution order as "an illegal order, even though inadvertently applied." The court concluded, "So my finding is you can reopen the issue of restitution based upon [*People v. Brown* (2007) 147 Cal.App.4th 1213] and it is an unauthorized order in restitution." The trial court did not discuss *Griffin*.

---

[1]    Unless otherwise indicated, statutory references are to the Penal Code.

3

Hilton filed a petition for a writ of mandate challenging the ruling by the trial court. We hold the ruling of the trial court was erroneous as an act in excess of the court's jurisdiction. We will grant the petition and remand the matter with directions.

## ISSUES

Hilton claims (1) the trial court's jurisdiction to amend its restitution order expired when probation was terminated, (2) section 1202.4, subdivision (f)(1) did not permit modification of the September 17, 2008 restitution order, and (3) the September 17, 2008 restitution order reflecting the amount requested by Tellez could not later be declared invalid on the ground the amount was less than full restitution.

## DISCUSSION

*The Court Lacked Jurisdiction Over Hilton to Impose Restitution Once His Probationary Term Expired.*

1. *Applicable Law.*

   a. *Sentencing and Jurisdiction.*

" ' "Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. [Citations.] Pursuant to this duty the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion." ' [Citations.]" (*People v. Duff* (2010) 50 Cal.4th 787, 795-796.)

"[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun." (*People v. Howard* (1997) 16 Cal.4th 1081, 1089 (*Howard*).) However, a court retains power to modify a sentence at any time prior to execution of the sentence. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, 347, 350, 352.)

*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204 (*Turrin*), discussing the above principles, observed there are "few exceptions to the rule" (*id*. at p. 1204) that a trial court lacks jurisdiction to resentence after execution of a sentence has begun. Among those exceptions, *Turrin* noted the former section 1170, subdivision (d) exception permitting a trial court to recall a sentence within 120 days of committing a defendant to

4

prison; the exception permitting correction for clerical (but not judicial) error; and the exception that an unauthorized sentence may be corrected at any time. (*Turrin*, at pp. 1204-1205.)

b. *Probation and Jurisdiction.*

Section 1203, subdivision (a) provides, in relevant part, "As used in this code, 'probation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." "[P]robation is a statutory creation." (*People v. Tanner* (1979) 24 Cal.3d 514, 519.)

" 'An integral and important part of the penological plan of California is the discretionary *retention in the trial court of jurisdiction over the defendant and the cause of action against him [or her] . . . by virtue of the probation procedures.*' [Citation.]" (*People v. Feyrer* (2010) 48 Cal.4th 426, 438 (*Feyrer*), italics added.) "*During the probationary period, the court retains jurisdiction over the defendant* [citations], and at any time during that period the court may, subject to statutory restrictions, modify the order suspending imposition or execution of sentence (§ 1203.3)." (*Howard*, *supra*, 16 Cal.4th at p. 1092, italics added.)

At the time of Hilton's 2008 offenses, former section 1203.3, subdivision (a), a probation statute, stated, in relevant part, "The court shall have authority at any time *during* the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." (Italics added.)

c. *Former Section 1203.3, Subdivision (a),* Griffin*, and Related Authorities Teach That Once a Defendant's Probationary Term Has Expired, a Trial Court Loses Jurisdiction Over the Defendant and Must Discharge the Defendant from Probation.*

As discussed below, former section 1203.3, subdivision (a), and other statutory and case law, teach that once a defendant's probationary term has expired, a trial court no longer has jurisdiction to modify the defendant's probation, and the court must discharge the defendant from probation.

In *Griffin, supra,* 67 Cal.2d 343, our Supreme Court considered the jurisdictional effect of former section 1203.3 in a habeas corpus proceeding challenging an order revoking probation entered after the defendant's term of probation had expired. In framing the jurisdictional issue, the Supreme Court underscored that "section 1203.3 provides that the court shall have authority to revoke or modify probation 'at any time *during* the term of probation.' "[2] (*Griffin*, at p. 346, italics added.) Citing this language, the court endorsed the view, consistently taken by the Courts of Appeal, that " 'the statute itself furnishes the measure of the power which may thus be exercised' and '*the court loses jurisdiction or power to make an order revoking or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period has expired.*' [Citations.]" (*Ibid.*, italics added, fn. omitted.) Given this established and sound construction of the probation statute, the *Griffin* court acknowledged that the order entered after the defendant's term of probation expired was in "excess of jurisdiction."[3] (*Id.* at p. 347.)

---

[2]    Former section 1203.3 is a predecessor to former section 1203.3, subdivision (a), the latter of which was operative at the time of Hilton's 2008 offenses. Both statutes begin with the sentence, cited by the court in *Griffin*, " 'The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence.' " (See *Griffin, supra,* 67 Cal.2d at p. 346, fn. 2, quoting former section 1203.3.)

[3]    The *Griffin* court explained, "The jurisdictional concept involved in the cases holding that the court is without power to revoke probation after the end of the probationary term is not lack of jurisdiction of the cause but excess of jurisdiction." (*Griffin, supra,* 67 Cal.2d at p. 347.) Because "[n]either the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter" (*ibid.*), the court held the defendant was estopped from complaining of the order made in excess of jurisdiction where he requested a continuance of the probation revocation hearing to a date he knew was after the expiration of his probationary term. (*Id.* at pp. 348-349.) Whether Hilton should be estopped from challenging a judicial act in excess of jurisdiction is not at issue in this case.

6

*People v. White* (1982) 133 Cal.App.3d 677 (*White*) is in accord. In *White*, the court stated, "An order revoking probation must be made within the period of time circumscribed in the order of probation. *Otherwise, the probationary period terminates automatically on the last day.* [Citations omitted.] If no order of modification or revocation is made before the end of the period of probation delineated in the original or any subsequent probation grant, *the court has no authority or jurisdiction over the defendant.* (*In re Griffin* (1967) 67 Cal.2d 343, 346.)" (*Id.* at pp. 682-683, italics added.)

Our Supreme Court relied on *Griffin* and former section 1203.3 in the case of *In re Bakke* (1986) 42 Cal.3d 84 (*Bakke*). *Bakke* held, inter alia, a trial court's order, issued after the defendant's probationary term had expired, and purporting to extend the defendant's probation, was in excess of jurisdiction and void.

In *Bakke*, the defendant was convicted of a misdemeanor. The court suspended imposition of sentence and placed the defendant on probation for three years on the condition, inter alia, he serve time in jail. The defendant appealed and, at the defendant's request, the court repeatedly stayed execution of his jail term pending the appeal, including stays pending receipt of the remittitur. While his case was on appeal, the defendant's probationary term expired. The appellate court ultimately affirmed the judgment. Upon remand, the trial court issued two orders, one requiring the defendant to begin serving his jail term, and the other extending his probationary term. The defendant filed a petition for a writ of habeas corpus. (*Bakke*, *supra*, 42 Cal.3d at pp. 86-90.)

*Bakke*, relying on *Griffin* (and *People v. Ham* (1975) 44 Cal.App.3d 288, another case involving estoppel and *Griffin*) concluded that since the defendant applied for the stay of execution of his jail term pending the appeal, the defendant waived his right to object to execution of the jail term upon completion of the appeal. (*Bakke*, *supra*, 42 Cal.3d at pp. 86, 89.) However, with regard to the order extending probation, *Bakke* stated, "Although the court extended the period of probation to April 4, 1984, the probation term and petitioner's obligation to comply with the other conditions ended on that date. The court's order of June 13, 1984, *purporting to further extend the period of*

7

*probation to June 13, 1986*, not having been made prior to the expiration of the term, was *in excess of jurisdiction and is void*." (*Id*. at p. 90, fn. 5, italics added.)

*People v. Lewis* (1992) 7 Cal.App.4th 1949 (*Lewis*) also concluded a trial court granting probation retains jurisdiction to administer probation laws during the probationary term and, once that term expires, the court lacks jurisdiction. In *Lewis*, the appellate court stated when a convicted defendant appears for sentence, a trial court has only two statutory alternatives, it must sentence the defendant or grant probation. (*Id*. at p. 1954.) *Lewis* stated, "[T]he trial court has the power over the defendant at all times during the *term* of probation *until* the defendant is discharged from probation . . . ." (*Ibid*., second italics added.) *Lewis* also observed, "When a probationer is discharged, he or she has completed the term of probation, *and the court no longer has jurisdiction*. (§ 1203.3, subd. (b)(3).)" (*Id.* at pp. 1955-1956, italics added.)

*People v. Medeiros* (1994) 25 Cal.App.4th 1260 (*Medeiros*) highlights the necessity to discharge a defendant following expiration of the probationary term. In *Medeiros*, the court purported to extend the term beyond the statutorily applicable five-year limit. (*Id*. at pp. 1262-1264.) *Medeiros* held the extension was improper and directed the trial court to discharge the defendant from probation. (*Id.* at pp. 1263, fn. 2, 1264-1268.)

In *People v. Tapia* (2001) 91 Cal.App.4th 738 (*Tapia*) the trial court placed the defendant on probation scheduled to expire in July 1999. In 1997, the trial court summarily revoked probation based on an alleged probation violation. At a later probation revocation hearing, the defendant admitted probation violations that had occurred *in 2000*. Based solely on those admissions, the trial court found the defendant in violation of probation, revoked and reinstated probation, and extended it to 2003. The defendant appealed, claiming the trial court lacked jurisdiction to extend the probationary term. (*Id*. at p. 740.)

*Tapia* agreed the alleged violation that had served as the basis for the 1997 summary revocation of probation had not been proven, and the defendant's probation had

expired in 1999. (*Tapia*, *supra*, 91 Cal.App.4th at p. 740.) *Tapia* concluded the trial court retained jurisdiction to decide whether the defendant violated probation *during* the probationary term, but when a court finds no violation has occurred during that term, there is no need for further jurisdiction. (*Id*. at p. 742.) *Tapia*, relying on *Lewis*, concluded the defendant's probation expired in July 1999, the trial court's order finding him in violation was void, and he was entitled to an order discharging him from probation. (*Tapia*, at pp. 740-742.)

*Griffin*, the cases that follow *Griffin*, and former section 1203.3, subdivision (a) support the conclusion that once a defendant's probationary term has expired, the trial court must discharge the defendant from probation.

d. *Section 1203.3, Subdivisions (b)(4) and (5) Reflect a Legislative Intent, Consistent with Preexisting Probation Law, That Trial Courts Will Lack Jurisdiction to Impose Restitution Once a Probationary Term Has Expired.*

Hilton argues section 1203.3, subdivisions (b)(4) and (5), that expressly refer to restitution, demonstrate the Legislature's intent that a trial court loses jurisdiction to impose restitution once a probationary term has expired. We agree.

The Legislature amended former section 1203.3 by the addition of subdivision (b)(4) in 1995.[4] Section 1203.3, subdivision (b)(4) states, "The court may modify the time and manner of the term of probation for purposes of measuring the timely payment of restitution obligations or the good conduct and reform of the defendant *while on probation*." (Italics added.) The Legislature is presumed to have been aware of former section 1203.3, subdivision (a) and *Griffin* when the Legislature enacted section 1203.3, subdivision (b)(4). (Cf. *People v. Harrison* (1989) 48 Cal.3d 321, 329.)

Section 1203.3, subdivision (b)(5) (added in 2000[5]), states, "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a

---

[4] (Former § 1203.3, as amended by Stats. 1995, ch. 313, § 9, p. 1762, eff. August 3, 1995.)

[5] (Former § 1203.3, as amended by Stats. 2000, ch. 1016, § 11, p. 7471.)

restitution order pursuant to subdivision (f) of Section 1202.4 at any time *during the term of the probation*." (Italics added.)

" '[E]very word and phrase employed [in a statute] is presumed to be intended to have meaning and perform a useful function . . . [and] a construction rendering some words in the statute useless or redundant is to be avoided.' [Citation.]" (*People v. Contreras* (1997) 55 Cal.App.4th 760, 764.) We agree with Hilton that to construe section 1203.3, subdivisions (b)(4) and (5) as applying after a defendant's probationary term has expired would render the phrase "while on probation" in subdivision (b)(4) and the phrase "during the term of the probation" in subdivision (b)(5) surplusage.

Moreover, former section 1203.3 at issue in *Griffin* expressly provided that courts had authority to modify probation "*during* the term of probation." (Italics added.) In addition, *Griffin* approvingly cited appellate cases that construed the section as precluding modification *after* the probationary period had expired. (*Griffin, supra*, 67 Cal.2d at p. 346.) We likewise conclude section 1203.3, subdivisions (b)(4) and (5), are inapplicable *after* the probationary term has expired. We also conclude subdivisions (b)(4) and (5) are consistent with a legislative intent that a trial court loses jurisdiction to modify restitution once a probationary term has expired.

2. *Application of the Law to This Case.*

On April 9, 2008, Hilton pled no contest to two counts. At that time, the trial court had a duty either to grant Hilton probation or sentence him to prison. The trial court granted probation, i.e., suspended imposition of the sentence and conditionally released Hilton to the community under the supervision of the *probation* officer (§ 1203, subd. (a)), for three years.

By granting probation on April 9, 2008, the trial court suspended imposition of sentence " 'subject to administration of the *probation* laws.' " (*Lewis*, *supra,* 7 Cal.App.4th at p. 1954, italics added.) The trial court retained jurisdiction " 'under the *probation* statutes' " (*ibid.,* italics added) and, under said *probation* statutes, retained jurisdiction over *Hilton*. (*Feyrer*, *supra,* 48 Cal.4th at p. 438.) The trial court retained

10

jurisdiction over Hilton that it otherwise would have lost if it had sentenced Hilton and Hilton had begun serving his sentence. In sum, *once the trial court granted probation, the jurisdiction the trial court retained and maintained over Hilton was exclusively based on the fact he was on probation*.

During Hilton's probationary term, he fulfilled all conditions of his probation, including the requirement that he pay $3,215 in stipulated restitution. The trial court never issued an order revoking or modifying Hilton's probation during his probationary term.

Hilton's probationary term expired on April 8, 2011. Once the probationary term expired, the trial court did not have jurisdiction to modify the order granting probation. *Griffin* confirmed this principle, approvingly observing appellate cases consistently had affirmed it. The issuance of any *modification* order in this case would have been erroneous as an act in excess of the statutory jurisdiction granted by former section 1203.3, subdivision (a) (cf. *Griffin*, *supra,* 67 Cal.2d at p. 346) and would have been void (cf. *Bakke*, *supra,* 42 Cal.3d at p. 90, fn. 5). Moreover, section 1203.3, subdivisions (b)(4) and (5) support our conclusion that issuance of any *modification* order in this case would have been erroneous. Further, once the probationary term expired, *no trial court in this case had authority or jurisdiction over Hilton*. (Cf. *White*, *supra,* 133 Cal.App.3d at pp. 682-683.)

Further still, once Hilton's probationary term expired, any *extension* thereof after April 8, 2011, was an act in excess of jurisdiction and void as *Bakke*, relying on *Griffin*, concluded (cf. *Bakke*, *supra,* 42 Cal.3d at p. 90, fn. 5) and the trial court was required to discharge Hilton from probation pursuant to former section 1203.3, subdivision (b)(3). (*Tapia*, *supra,* 91 Cal.App.4th at pp. 741-742; *Lewis*, *supra,* 7 Cal.App.4th at pp. 1955-1956.) We note the March 18, 2009 minute order provided the next scheduled event was termination of proceedings in this case. That occurred by operation of law on April 8, 2011.

11

Once the trial court granted probation, the jurisdiction the trial court retained and maintained over Hilton was *exclusively* based on the fact he was on *probation*. Tellez filed with the trial court a motion for additional restitution. *Effectively, therefore, his motion was a motion for an order modifying Hilton's probation to require additional restitution.* However, the trial court's jurisdiction over Hilton expired on April 8, 2011, and Tellez filed his motion in November 2012, more than one year and seven months after Hilton's probationary term had expired. On April 3, 2013, the trial court ruled it had jurisdiction to impose additional restitution. That ruling was erroneous.[6]

3. *Former Article I, Section 28, Subdivision (b) of the California Constitution Did Not Support an Order for Additional Restitution.*

The People, citing former article I, section 28, subdivision (b), argue restitution was mandatory whether or not Hilton's probationary term expired. The trial court did not expressly rely upon this provision as a basis for its ruling. In any event, we reject the argument. Former subdivision (b) was added to the California Constitution in 1982. (*People v. Giordano* (2007) 42 Cal.4th 644, 652 (*Giordano*).) Former subdivision (b) states, " 'It is the *unequivocal intention* of the People of the State of California that all persons who suffer losses as a result of criminal activity *shall have the right to restitution* from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, *regardless of the sentence or disposition imposed*, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section." The People maintain the above italicized language supports their argument.

---

[6]     This is not a case in which Hilton violated probation, the trial court revoked probation, or there was a change of circumstances warranting an extension of the probationary term. We express no opinion as to what result would obtain in any of those circumstances.

"California Constitution, article I, section 28, subdivision (b), which is not self-executing, directed the Legislature to adopt implementing legislation. [Citation.]; *People v. Vega-Hernandez* (1986) 179 Cal.App.3d 1084, 1092-1099 (*Vega-Hernandez*).)" (*Giordano, supra,* 42 Cal.4th at p. 652.) In *Vega-Hernandez*, the trial court ordered the defendant to pay restitution for pain and suffering, medical expenses, and property losses, even though restitution for those categories was not statutorily authorized at the time of the defendant's offenses. The defendant appealed, arguing the order was invalid. (*Vega-Hernandez,* at pp. 1088-1089, 1091.)

On appeal, the Attorney General argued the order was valid pursuant to former article I, section 28, subdivision (b). (*Vega-Hernandez, supra*, 179 Cal.App.3d at p. 1091.) *Vega-Hernandez* rejected the argument, holding that because the former subdivision was not self-executing, the restitution order was not supported by constitutional authority. (*Id*. at pp. 1091-1092, 1099.) We similarly conclude former article I, section 28, subdivision (b) provides no independent constitutional predicate for awarding additional restitution in this case.

4. *Former Section 1202.4, a Legislative Implementation of Former Article I, Section 28, Subdivision (b), Reflects a Legislative Intent, Consistent with Preexisting Probation Law, That Trial Courts Lack Jurisdiction to Impose Restitution Once a Probationary Term Has Expired, and Former Section 1202.4, Subdivision (f) Does Not Authorize Imposition of Restitution Once That Term Has Expired.*

a. *Background.*

In 1983, the Legislature enacted former section 1202.4 as a legislative response to former article I, section 28, subdivision (b). (*Giordano, supra*, 42 Cal.4th at p. 652.) Former section 1202.4, subdivision (a) applicable at the time of Hilton's 2008 offenses, stated in relevant part, "(a)(1) It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime. [¶] . . . [¶] (3) The court, in addition to any other penalty provided or imposed under the law, shall order the

13

defendant to pay both of the following: [¶] . . . [¶] (B) Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment."

In *Giordano,* our Supreme Court stated, "In the mid-1990's, the Legislature consolidated much of the state's victim restitution scheme into Penal Code section 1202.4." (*Giordano, supra*, 42 Cal.4th at p. 653.) The Legislature added to former section 1202.4, a provision regarding restitution payments by defendants who had been *denied* probation, as well as a provision regarding restitution payments *as a condition of probation.* (*Giordano,* at p. 653.) The result is "Penal Code section 1202.4 now requires restitution in every case, without respect to whether probation is granted."[7] (*Ibid.*)

*Giordano* states, "[W]hen a defendant is convicted of a crime involving a victim who 'has suffered economic loss as a result of defendant's conduct' (Pen. Code, § 1202.4, subd. (f)), the court must require the defendant to pay full restitution directly to the victim or victims of the crime 'unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.' [Citation.]" (*Giordano*, *supra*, 42 Cal.4th at pp. 651-652.)

In sum, when a defendant is convicted and a trial court can either grant probation or impose a prison sentence, former section 1202.4 contemplates a court will *impose* its mandatory restitution *either* as a condition of probation *or* upon the imposition of the prison sentence.

b. *Former Section 1202.4, Subdivision (f) Does Not Authorize Imposition of Restitution Once Probation Has Expired.*

The People, citing former section 1202.4, subdivision (f), argue restitution was mandatory whether or not Hilton's probationary term expired. That subdivision provides in part as follows: "[I]n every case in which a victim has suffered economic loss as a

---

[7]  *Giordano* also observed, "Penal Code section 1203.1, subdivision (j) provides broader discretion for trial courts to impose restitution as a condition of probation." (*Giordano, supra,* 42 Cal.4th at p. 653.)

14

result of the defendant's conduct, the court *shall* require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order *full* restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record." (Italics added.) For the reasons discussed below, we find former section 1202.4, harmonized with preexisting case and statutory law, is consistent with our holding that courts lack jurisdiction to modify probation or impose restitution or additional restitution after a defendant's probationary term has expired.

Former section 1203.3, subdivision (a), and cases such as *Griffin*, *White*, *Bakke*, and *Lewis* preexisted the mid-1990's consolidation of the restitution scheme into former section 1202.4. "The Legislature . . . is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof." (*People v. Harrison* (1989) 48 Cal.3d 321, 329.) Neither former section 1202.4, subdivision (f), nor any other subdivision in that section, expressly states a trial court that grants probation may impose restitution other than as a condition of probation, or that a trial court may impose restitution on a defendant once the defendant's probationary term has expired.

We presume the Legislature intended the language in former section 1202.4, subdivision (f) to be harmonized with the preexisting statutory and case law regarding probation. Thus, when the court grants probation, the court will *impose* the restitution mandated by former section 1202.4 as a condition of probation (§ 1202.4, subd. (m)). However, this mandate is necessarily subject to the preexisting probation law that once the probationary term *has expired*, a trial court lacks jurisdiction over a probationer, lacks jurisdiction to impose restitution or additional restitution, and lacks jurisdiction to modify probation to impose any such restitution.

15

The People suggest former section 1202.4, subdivision (f) implements former article I, section 28, subdivision (b) which provides for, inter alia, a right to restitution "regardless of the sentence or disposition imposed." However, former section 1202.4, subdivision (f) does not implement a right to restitution "regardless of the sentence or disposition imposed," if by that phrase one means "regardless of whether a defendant's probationary term has expired."

Former article I, section 28, subdivision (b) does not say "regardless of *whether* a sentence or disposition was imposed," but says "regardless of the sentence or disposition *imposed*." (Italics added.) The latter phrase presupposes the court imposed a sentence or disposition. In the present case, that disposition included probation. Former section 1202.4 implements the state constitutional right, but not by authorizing restitution here untethered to probation. Instead, as applicable here, the former section implemented the constitutional right by requiring the trial court, since it chose the disposition of probation, to impose restitution as a condition of probation. The court was then required to exercise probation jurisdiction accordingly, subject to preexisting probation law. This included the law the trial court lacked jurisdiction to modify probation or, therefore, impose restitution, after the defendant's probationary term expired.

It is true former section 1202.4, subdivision (f) states, "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court" and subdivision (f)(1) states, "The court may modify the amount [of restitution], on its own motion or on the motion of the district attorney, the victim or victims, or the defendant."

However, neither of these provisions expressly states a trial court has jurisdiction to modify probation or impose restitution after a defendant's probationary term has expired. Both provisions must be harmonized with the preexisting statutory and case law

16

with the result neither provision authorizes a trial court to impose restitution on a defendant once the defendant's probationary term has expired.[8]

5. *Section 1202.46 Does Not Authorize the Imposition of Restitution Once the Probationary Term Has Expired.*

The People argue the trial court retained jurisdiction to impose restitution under section 1202.46[9] without regard to whether Hilton's probationary term expired. We disagree. Section 1202.46 does not expressly state a trial court retains the jurisdiction therein specified even after a defendant's probationary term has expired. As mentioned, section 1202.46 was enacted in 1999. "The Legislature is presumed to be aware of ' "judicial decisions already in existence, and to have enacted . . . a statute in light thereof." ' " (*Giordano, supra*, 42 Cal.4th at p. 659.) Section 1202.46 too must be harmonized with the preexisting statutory and case law concerning probation, with the result that section does not authorize a trial court to impose restitution once the defendant's probationary term has expired.

Finally, assuming arguendo section 1202.46 otherwise might have applied in this case, the section still does not help the People based on the facts in this case. When the section applies, "the court shall retain jurisdiction over a person subject to a restitution

---

[8]    Section 1202.4, subdivision (f)(11), requires a defendant to disclose to the trial court, prior to the defendant's scheduled release from probation, any unpaid restitution. Section 1202.4, subdivision (m), provides that once a defendant is no longer on probation, any unsatisfied portion of a restitution order is enforceable pursuant to former section 1214. (Under former section 1214, subdivision (b), such restitution is enforceable as a money judgment or civil judgment.) These provisions similarly evidence the Legislature's awareness that a trial court lacks jurisdiction to impose restitution once a probationary term has expired.

[9]    Section 1202.46, enacted in 1999, states, "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (§ 1202.46, added by Stats. 1999, ch. 888, § 3, p. 6388.)

17

order for purposes of imposing or modifying restitution *until such time as the losses may be determined*." (Italics added.) In the present case, however, losses not only might have been determined but were in fact determined when, on September 17, 2008, the trial court found Hilton owed Tellez $3,215 in restitution. As we more fully discuss in part 7, *infra*, this was an award of full restitution. The record fails to demonstrate that on or before September 17, 2008, anyone ever suggested the existence of additional losses to the trial court. Assuming section 1202.46 could apply in this case, we note the trial court retained jurisdiction under section 1202.46 only until September 17, 2008 at best; after that date, section 1202.46 provided no jurisdictional basis for awarding restitution.

6. People v. Bufford *and* People v. Turrin *Do Not Authorize Restitution After a Probationary Term Has Expired*.

The People argue that under *People v. Bufford* (2007) 146 Cal.App.4th 966 (*Bufford*), and *Turrin, supra,* 176 Cal.App.4th 1200, the trial court retained jurisdiction to impose restitution without regard to whether Hilton's probationary term expired. We disagree.

*Bufford* is distinguishable from the present case. *Bufford* was not a probation case. In *Bufford*, the trial court *imposed a prison sentence* and a restitution order and, concluding the restitution amount could not be ascertained at time of sentencing, issued an order to the effect the amount would be the subject of a future order. After the defendant served her prison sentence, the defendant claimed the trial court lost jurisdiction to set restitution because she had served the sentence. (*Bufford*, *supra*, 146 Cal.4th at pp. 968-969.)

*Bufford* concluded, inter alia, the trial court retained jurisdiction under section 1202.46. *Bufford* expressly acknowledged "[Penal Code] section 1203.3 does not apply in this case, because defendant was not placed on probation." (*Bufford, supra,* 146 Cal.App.4th at p. 970, fn. 4.) The People's reliance on *Bufford* is inapposite.

*Turrin* too is distinguishable. *Turrin* held that once a defendant begins serving a *prison* sentence, the trial court *loses* jurisdiction to modify restitution *fines* by reducing

18

them due to the defendant's alleged inability to pay. (*Turrin*, *supra*, 176 Cal.App.4th at pp. 1203, 1205-1206.) In dicta, *Turrin* distinguished former section 1202.42 and, relying on that section's language concerning the period during which income deduction orders remain effective, concluded the section conferred upon trial courts continuing jurisdiction to modify an order of victim *restitution*. (*Turrin*, at p. 1207.)

However, former section 1202.42 does not expressly state a restitution order may be modified after a defendant's *probationary* term has expired, and the section was enacted in 2002, i.e., after *Griffin* was decided. *Turrin* did not discuss *Griffin* or former section 1203.3, subdivision (a). Cases are not authority for propositions not considered. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 198.) Moreover, the trial court in this case never imposed an income deduction order and, even if the trial court had imposed one, Hilton, on January 21, 2009, paid in full the $3,215 in restitution he had owed. The record fails to demonstrate that after that date, and during Hilton's probationary term, the trial court was ever aware of any information appellant owed additional restitution. That is, there was no predicate for an income deduction order to remain effective or for any jurisdiction thereunder to continue.[10]

7. *The Trial Court Erred on April 3, 2013, by Relying on* Brown *and Concluding the September 17, 2008 Restitution Order Was Unauthorized.*

We conclude the trial court erred on April 3, 2013, by concluding the September 17, 2008 restitution award of $3,215 was unauthorized. Former section 1202.4, subdivisions (a)(3)(B), (f)(3), and (m), not merely authorize but require a trial court that grants probation to impose, as a condition of probation, restitution for a victim's economic losses resulting from a defendant's criminal conduct. The restitution was also

---

[10]    The issue of whether a trial court had jurisdiction to award restitution to the victim although the defendant's probationary term had expired nine days earlier is pending before our Supreme Court in *People v. Ford*, review granted October 23, 2013, S212940.

19

authorized by section 1203.1, subdivision (a)(3).[11] The parties' stipulation as to restitution (if not also Tellez's written claim that was dated May 29, 2008) supported the trial court's September 17, 2008 restitution award.

A trial court is presumed to have known and followed the law. (Cf. *People v. Mosley* (1997) 53 Cal.App.4th 489, 496; Evid. Code, § 664.) We presume therefore that on September 17, 2008, the trial court knew it was required to impose full economic restitution unless the trial court found and stated compelling and extraordinary reasons justifying a lesser award. (Former § 1202.4, subds. (a)(3)(B), (f), (g), & (m).) The trial court made no such finding or statement, and, as of September 17, 2008, nothing in the record rebuts the presumptions or demonstrates the trial court had reason to believe it was awarding less than full restitution.

We conclude the trial court's September 17, 2008 restitution award of $3,215 represented full restitution and, based on the record as it existed at the time of that award, we conclude the award was authorized. Phrased differently, it is not true the award could not lawfully have been imposed under any circumstance in this case. (See *People v. Scott* (1994) 9 Cal.4th 331, 354.) The fact Tellez may have suffered additional losses, the existence of which he never suggested to the trial court on or before September 17, 2008, does not compel a contrary conclusion.

We also conclude the trial court erred on April 3, 2013, by relying on *Brown*, *supra*, 147 Cal.App.4th 1213, to conclude the $3,215 restitution award was unauthorized. In *Brown*, the trial court erred by imposing a restitution award that *violated the defendant's plea bargain*, which had called for a lesser award. (*Id.* at pp. 1223-1224.)

---

[11] Section 1203.1, subdivision (a)(3) stated, "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence, except as hereinafter set forth, and upon those terms and conditions as it shall determine. . . . [¶] . . . [¶] (3) The court shall provide for restitution in proper cases. The restitution order shall be fully enforceable as a civil judgment forthwith and in accordance with Section 1202.4 of the Penal Code."

20

*Brown's* discussion of unauthorized restitution pertained to the issue of *remedy*. (*Brown*, *supra*, 147 Cal.App.4th. at pp. 1224-1226.) *Brown* rejected the defendant's request that the appellate court order specific performance and direct the trial court to award the lesser agreed-upon restitution, because the record failed to demonstrate such an award would have been *authorized*, i.e., that there were clear and compelling reasons for an award of less than full restitution. (*Id.* at pp. 1226, 1228.) *Brown* remanded the matter to permit the defendant to withdraw her plea and, if she did not, to permit the trial court to decide in the exercise of its discretion whether to impose less than full restitution, since the trial court erroneously had believed it lacked such discretion. (*Id.* at pp. 1228-1230.)

Moreover, the present case is factually distinguishable from *Brown*. In *Brown,* there was no dispute the restitution order *was, or was part of, full restitution.* The unauthorized restitution issue in *Brown* was whether, as a matter of remedy, *less* restitution might have been imposed. However, in the present case, the trial court on April 3, 2013, concluded the September 17, 2008 restitution award of $3,215 *was not full restitution*. Further, the trial court on April 3, 2013, concluded it had jurisdiction to impose *more* restitution, even though (1) the record in this case, and the trial court's comments, demonstrate the issue of the restitution amount was fully and fairly presented to the trial court on September 17, 2008, before it awarded $3,215 in restitution on that date, (2) the parties stipulated to that award, and (3) the trial court on September 17, 2008, when awarding the restitution, had no facts before said court suggesting the award was anything other than full restitution.

21

*DISPOSITION*

The petition of Barron Nicholas Hilton for a writ of mandate is granted.  The cause is remanded to the trial court with directions forthwith (1) to vacate its April 3, 2013 order granting Fernando Tellez's "Victim's Request For Additional Restitution [¶] Penal Code § 1202.4(f)(1)" filed November 28, 2012, the trial court's finding that the September 17, 2008 restitution award was unauthorized, and the trial court's findings it had jurisdiction to reopen the restitution issue and to impose additional restitution, (2) to enter an order denying Tellez's above entitled request, and (3) to discharge Hilton from probation.  The order of this court issued May 22, 2013, staying all proceedings in Los Angeles Superior Court case No. 8MB00474, is lifted.

**CERTIFIED FOR PUBLICATION**

KITCHING, J.

We concur:

KLEIN, P. J.

CROSKEY, J.

22