Filed 3/2/16  P. v. Theriault CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RICHARD THERIAULT,<br><br>    Defendant and Appellant. | 2d Crim. No. B257057<br>(Super. Ct. No. M0441613A)<br>(San Luis Obispo County) |

Anthony Richard Theriault appeals an order requiring him to pay victim restitution following his no contest plea to disturbing the peace.  (Pen. Code, § 415, subd. (2).)[1]  We conclude the trial court lacked jurisdiction to issue the restitution order 18 months after Theriault's probation term had expired.  We reverse.

FACTS

Theriault was charged with making a criminal threat (§ 422) to his 15-year-old stepson.  He pled no contest to disturbing the peace.  (§ 415.)  He was sentenced to one year summary probation with conditions that he pay a fine, not own or possess weapons and not have contact with the victim.  His probation term expired on March 9, 2011.  The trial court made no order for victim restitution.

On September 18, 2012, the People filed a motion for victim restitution. Theriault objected claiming the trial court lacked jurisdiction to make a restitution order

_____

[1] All statutory references are to the Penal Code.

because his probation period had expired. The court ruled that it had jurisdiction and entered a victim restitution order.

Theriault appealed to the superior court appellate division. It affirmed the restitution order.

On July 3, 2014, we granted a petition to transfer this appeal to this court. We issued a stay of all proceeding pending the resolution of the issue of whether a trial court has jurisdiction to issue a restitution order after the defendant's probation period has expired. Appellate courts had reached opposite conclusions on this issue in *People v. Ford* (2013) 217 Cal.App.4th 1354, review granted October 23, 2013, No.S212940, and *Hilton v. Superior Court* (2014) 224 Cal.App.4th 47, review granted June 11, 2014, No. S217616. In *Ford*, the court held the trial court retained jurisdiction after the probation term expired to issue a restitution order. In *Hilton*, the court ruled the trial court lost jurisdiction. The Supreme Court granted review in both cases.

On May 28, 2015, the California Supreme Court in *Ford* ruled that it did not have to decide "whether a trial court retains jurisdiction to modify the amount of restitution once a defendant's term of probation has expired" (*People v. Ford* (2015) 61 Cal.4th 282, 284) because the defendant agreed to continue the restitution hearing and was therefore "estopped from challenging" the order (*id.* at p. 285).

On July 8, 2015, the California Supreme Court in *Hilton* issued the following order: "Review in the above-captioned matter, which was granted and held for *People v. Ford* (2015) 61 Cal.4th 282 . . . is hereby dismissed. (Cal. Rules of Court, rule 8.528(b)(1).)" (*People v. Hilton* (2015) 351 P.3d 1039.)

On August 26, 2015, the Supreme Court granted a request that *Hilton v. Superior Court*, *supra*, 224 Cal.App.4th 47 be republished.

DISCUSSION

*Jurisdiction to Issue a Restitution Order*

Theriault contends that because his term of probation ended on March 9, 2011, the trial court did not have jurisdiction to issue a restitution order 18 months later. We agree.

2

"Proposition 8 established the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.' (Cal. Const., art. I, § 28, subd. (b).)" (*People v. Giordano* (2007) 42 Cal.4th 644, 652.) "The initiative added article I, section 28, subdivision (b) to the California Constitution: 'It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.'" (*Ibid.*)

Several statutory provisions implement Proposition 8. Section 1202.4, subdivision (f) provides, in relevant part, "[T]he court shall require that the defendant make restitution to the victim or victims in an amount established by court order . . . . If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." "[Where] the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation. Any portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied." (*Id.*, subd. (m).)

Section 1202.46 provides, in relevant part, "[W]hen the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."

3

The People contend sections 1202.4 and 1202.46 provide jurisdiction for the trial court to order restitution 18 months after the defendant has completed his or her term of probation. We disagree.

In *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 772, the Court of Appeal held that "once a defendant's probationary term has expired, a trial court no longer has jurisdiction to modify the defendant's probation, and the court must discharge the defendant from probation." Consequently, a restitution order issued after the end of the defendant's probation period is void. (*Id.* at pp. 769, 781-782.) The court in *Hilton* said the Legislature intended a time limit for the modification of restitution orders mentioned in sections 1202.4 and 1202.46 tied to the duration of period of probation, and that section 1202.4 and 1202.46 may not be considered in isolation. They must be considered with other statutes involving restitution orders. The court cited section 1203.3, subdivision (b)(5), which provides, "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time *during the term of the probation*." (Italics added.) It also cited section 1203.3, subdivision (b)(4), which provides, "The court may modify the time and manner of the term of probation for purposes of measuring the timely payment of restitution obligations or the good conduct and reform of the defendant *while on probation*." (Italics added.)

The court said, "Section 1202.46 too must be harmonized with the preexisting statutory and case law concerning probation, with the result that that section does not authorize a trial court to impose restitution once the defendant's probationary term has expired." (*Hilton v. Superior Court*, *supra*, 239 Cal.App.4th at pp. 781-782.) Citing *In re Griffin* (1967) 67 Cal.2d 343, the court said, "*Griffin* concluded modification of probation during a defendant's probationary term was permissible, but modification after that term had expired was an act in excess of the trial court's jurisdiction" (*Hilton*, at p. 769), and that subjecting defendants to the possibility of unlimited restitution orders well beyond the end of their probation periods is unauthorized. It said, "[T]o hold otherwise would subject a defendant placed on probation to a lifetime restitution

4

obligation and there would be no end to the restitution orders trial courts could impose on such a defendant." (*Ibid.*)

The People suggest the restitution order may be imposed by the court as a nonprobationary order under section 1202.46, which permits "correction, *at any time* . . . ." (Italics added.) But this claim was rejected in *People v. Waters* (2015) 241 Cal.App.4th 822. The court said, "The statute's use of the phrase 'at any time' cannot be read in isolation and must be harmonized with the preexisting statutory and case law concerning probation, including section 1203.3, which limits the court's power to modify probation and restitution after the expiration of the probationary period." (*Id.* at pp. 830-831.) "Accordingly, we conclude that the trial court exceeded its authority by ordering victim restitution after the conclusion of probation." (*Id.* at p. 831.)

The order is reversed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____


Sanger Swysen & Dunkle, Stephen K. Dunkle for Defendant and Appellant.

Dan Dow, District Attorney, Thomas M. Wilson, Deputy District Attorney, for Plaintiff and Respondent.