Filed 9/13/16  P. v. Lavinge CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KELLY DEWAYNE LAVINGE,<br><br>    Defendant and Appellant. | 2d Crim. No. B269699<br>(Super. Ct. No. F435911)<br>(San Luis Obispo County) |

Kelly Dewayne Lavinge appeals the trial court's modification of a prior order awarding victim restitution pursuant to Penal Code section 1202.4, subdivision (f) (hereafter section 1202.4(f)).[1]  Appellant contends the court lacked jurisdiction to modify the restitution order after he began serving his prison sentence.  We affirm.

### FACTS AND PROCEDURAL HISTORY

In 2011, appellant was convicted by a no contest plea of second degree murder (§ 187, subd. (a)) and was sentenced to 15 years to life in state prison.  At the time of sentencing, the trial court ordered appellant to pay $8,061.16 in victim restitution to the Victim Compensation and Government Claims Board (VCGCB)  (Now the California Victim Compensation Board).  The court also notified appellant that "there

_____

[1] All statutory references are to the Penal Code.

may be additional claims" and that "[i]f there are, you do have the right to a hearing." Appellant waived his right to be present at any subsequent restitution hearings.

In August 2013, the People moved to modify the restitution order to account for additional payments that appellant's victims had received from VCGCB for mental health counseling since the date of sentencing. The court approved the modification and ordered appellant to pay $10,005.16 in restitution.

In April 2015, the People again moved to modify the restitution order to account for continuing mental health counseling benefits provided by VCGCB to the victims. Appellant opposed the motion, claiming, among other things, that the court lacked jurisdiction to further modify the restitution order. The court overruled appellant's objection and ordered restitution in the amount of $11,301.16.

DISCUSSION

Appellant contends the court lacked jurisdiction to modify the restitution order after appellant was sentenced to prison. We disagree.

Section 1202.4(f) provides in relevant part, "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record."

"'[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun.' [Citation.]." (*Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 771.) Section 1202.46, however, provides an exception to this general rule for purposes of imposing or modifying restitution. The statute provides in relevant part, "[W]hen the economic losses of a victim cannot be ascertained at the

2

time of sentencing . . . , the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."

In ordering restitution at the time of sentencing, the trial court here indicated "there may be additional claims" for victim restitution in the future. The abstract of judgment also indicates that the full amount of restitution was "to be determined." These indications reflect the court's understanding that the full extent of the victim's losses could not be determined as of the date of sentencing. "Under a reading of the plain language of section 1202.4, if the court cannot determine the amount of restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the permissible reasons that may prevent fixing the amount of restitution." (*People v. Bufford* (2007) 146 Cal.App.4th 966, 971.) The court thus had jurisdiction to modify the restitution order after it discovered that the victims had suffered additional losses as a result of appellant's criminal conduct.

Appellant nevertheless contends that the court lost jurisdiction to modify the restitution order after it sentenced him to state prison. As support for this contention, he cites two cases standing for the proposition that a trial court loses jurisdiction to order a *probationer* to pay restitution *after the term of probation has expired.* (*Hilton v. Superior Court*, *supra*, 239 Cal.App.4th at pp. 775-776; *People v. Waters* (2015) 241 Cal.App.4th 822, 827, 829-830.) Appellant, however, was sentenced to state prison. Moreover, he was still serving that sentence when the court modified restitution. *Hilton* and *Waters* both recognized that the trial court would have had jurisdiction to impose or modify restitution but for the fact that the term of probation had expired. (*Hilton*, at

3

pp. 771-772; *Waters*, at p. 827; see also § 1203.3, subd. (b)(5) ["Nothing in this section [regarding revocation, suspension, or modification of probation] shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time during the term of the probation"].) In any event, the trial court's jurisdiction over a defendant for purposes of modifying restitution, as conveyed by section 1202.46, does not depend upon whether or not the defendant is still serving a prison sentence. (*People v. Bufford*, *supra*, 146 Cal.App.4th at p. 970.)

Appellant asserts that section 1202.46 does not apply here because "the victim's losses were ascertained at the time of sentencing, and full restitution was ordered." This assertion is belied by the record, which makes clear that further restitution was contemplated. Appellant also offers that "[a]t the time of the original sentencing, any treatment professionals can estimate future medical costs or future need for counseling. Restitution can then be ordered for the estimated costs." Appellant merely speculates that a meaningful "estimate" of the "future need for counseling" could have been provided. Moreover, nothing in section 1202.46 could be construed as requiring such a showing as a prerequisite to conferring jurisdiction over a defendant for purposes of modifying restitution.

The order modifying the award of victim restitution is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

4

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and Wyatt E. Bloomfield, Deputy Attorney General, for Plaintiff and Respondent.