Filed 11/20/23  P. v. Orozco CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JAVIER OROZCO,<br><br>        Defendant and Appellant. | A164946<br><br>(Sonoma County<br>Super. Ct. No. SCR7205614) |

In 2019, Francisco Javier Orozco pled no contest to misdemeanor battery.  (Pen. Code, § 242, undesignated statutory references are to this code.)  The trial court placed him on probation for three years and reserved as to victim restitution.  In 2022, the court ordered Orozco to pay $1,232.81 in restitution.  On appeal, he argues the court lacked jurisdiction to order restitution because his probation had already terminated pursuant to Assembly Bill No. 1950 (2019–2020 Reg. Sess.), reducing misdemeanor probation terms to one year.  (§ 1203a, subd. (a), as amended by Stats. 2020, ch. 328, § 1.)  We affirm.

## BACKGROUND

Orozco was charged with two counts of assault by means of force likely to produce great bodily injury after he and three others attacked two victims. (§ 245, subd. (a)(4).)  As part of a negotiated disposition, he pled no contest to misdemeanor battery, and his remaining counts were dismissed.  At a

sentencing hearing, the prosecutor noted — and defense counsel confirmed — the agreed-upon disposition would include three years of probation and a reservation as to restitution. Accordingly, the trial court suspended the imposition of sentence, placed Orozco on three years of probation — beginning July 8, 2019 — and ordered "Restitution Reserved."

In January 2021, the Legislature enacted Assembly Bill No. 1950, reducing the maximum probation term for misdemeanors to one year with certain exceptions that are inapplicable here. (Stats. 2020, ch. 328, § 1; § 1203.1, subds. (a), (*l*).) That November, the California Victim Compensation Board submitted a restitution request in the amount of $1,178.47, and the prosecution asked the trial court to order Orozco to pay full restitution. Orozco objected, arguing the court lacked jurisdiction to order restitution because his probation had already terminated as a matter of law under Assembly Bill No. 1950. The court disagreed, ordered him to pay $1,232.81 in restitution, and converted the amount to a civil judgment.

## DISCUSSION

Orozco argues the trial court exceeded its jurisdiction by fixing the amount of victim restitution after his probation term expired due to the enactment of Assembly Bill No. 1950.[1] Having independently reviewed this question of statutory interpretation, we disagree. (*People v. Zuniga* (2022) 79 Cal.App.5th 870, 874 (*Zuniga*).)

Victims have a constitutional right to obtain restitution for losses they suffer from the persons convicted of criminal offenses. (Cal. Const., art. I, § 28, subd. (b)(13)(A).) Courts must order restitution "from the convicted

---

[1] The parties agree, as do we, that the provisions in Assembly Bill No. 1950 apply to individuals who, like Orozco, were serving probation at the time the bill was passed. (*People v. Prudholme* (2023) 14 Cal.5th 961, 963; *In re Estrada* (1965) 63 Cal.2d 740.)

2

wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (*Id.*, subd. (b)(13)(B); *People v. Giordano* (2007) 42 Cal.4th 644, 652.) Per the California Constitution's directive to the Legislature to adopt legislation implementing this right, the Legislature set forth a restitution scheme in section 1202.4. (*Giordano*, at pp. 652–653.)

Section 1202.4 requires full restitution in every case where a victim suffers an economic loss — the resulting order is enforceable as a civil judgment. (§ 1202.4, subds. (a)(3)(B), (f).) The statute makes no distinction between a victim's right to restitution from a defendant who is sentenced to prison and one who is placed on probation. (*People v. Giordano*, *supra*, 42 Cal.4th at p. 653.) The "court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim" or any other showing to the court. (§ 1202.4, subd. (f).) When the court cannot ascertain the amount of loss at the time of sentencing, the restitution order must "include a provision that the amount shall be determined at the direction of the court." (*Ibid.*) In those circumstances, "the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (§ 1202.46.)

The trial court here adhered to this mandate. At the time the court imposed a term of probation on Orozco in 2019, the amount of the victim's economic loss could not be determined — the California Victim Compensation Board did not submit its restitution request to the prosecution until November 2021 — the court thus reserved on the issue of restitution. (*Zuniga*, *supra*, 79 Cal.App.5th at p. 876.) Even though Orozco's probation term was reduced to one year and terminated under Assembly Bill No. 1950, the court retained jurisdiction to set the restitution amount "until such time

3

as the losses may be determined." (§ 1202.46; *Zuniga*, at p. 876.)  Consistent with that authority, and once the prosecution provided the court with the restitution amount, the court set it.  That Orozco's probation term had already expired is "immaterial . . . .  Section 1202.46 expressly preserves the court's jurisdiction to follow the process in section 1202.4, which serves the constitutional mandate to ensure full victim restitution." (*People v. McCune* (2022) 81 Cal.App.5th 648, 653, review granted Oct. 26, 2022, S276303 (*McCune*).)

Orozco disagrees, arguing section 1202.46 does not apply to cases where a defendant has received probation.  In those instances, Orozco contends a court has the authority only "*during the term of probation* to revoke, modify, or change its order of suspension of imposition or execution of sentence." (§ 1203.3, subd. (a), italics added.)  Relying primarily on *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766 (*Hilton*) and *People v. Waters* (2015) 241 Cal.App.4th 822 (*Waters*), Orozco argues the court here lacked the authority to fix the restitution amount because it lost jurisdiction to revoke or modify his probation order after his probation period expired.  Not so.

*Hilton* and *Waters* involved improper modifications of the original restitution order in violation of section 1203.3 and are distinguishable. (*Zuniga, supra,* 79 Cal.App.5th at pp. 877–878.)  "In *Waters,* the trial court failed to order the defendant to pay *any* victim restitution at sentencing; it imposed a victim restitution requirement for the first time after expiration of the defendant's probation." (*Id.* at p. 876, citing *Waters, supra,* 241 Cal.App.4th at pp. 829–831.)  The court, which never reserved jurisdiction to order restitution when imposing a term of probation, exceeded its jurisdiction because it failed to consider restitution in the first instance *and* ordered restitution two years after probation ended.  (*Waters,* at pp. 825, 829.)  The

4

trial court in *Hilton* also improperly modified the original probation order — requiring the defendant to pay $3,215 in restitution — by ordering the defendant to pay an additional $886,000 in restitution nearly 24 months after probation expired. (*Zuniga*, at p. 877, citing *Hilton*, *supra*, 239 Cal.App.4th at p. 769.) The court explained the victim losses "not only might have been determined but were in fact determined" by the trial court before the defendant's probation term expired; the amount was already ascertained. (*Hilton*, at p. 782.) The defendants in both cases were surprised by these additional restitution obligations imposed only after they had successfully completed probation. (See, e.g., *Waters*, at p. 831, fn. 5.)

Here, in contrast, "payment of victim restitution in an amount to be determined later was already a condition of the original probation order." (*Zuniga*, *supra*, 79 Cal.App.5th at p. 877.) And unlike the trial courts in *Hilton* and *Waters*, the court here expressly reserved jurisdiction over this issue because the amount of the victim's loss was not ascertainable when probation was ordered. (*Zuniga*, at p. 877.) Thus, section 1202.46 allowed the court to retain jurisdiction until such time as the losses may be determined, "even if that occurs after probation has ended." (*McCune*, *supra*, 81 Cal.App.5th at p. 655, rev.gr.) Contrary to Orozco's assertions, there "is no indication in the language or legislative history of Assembly Bill No. 1950 that the Legislature intended to cut off a victim's right to restitution" in cases like his — where the trial court already ordered restitution as a condition of probation, reserved the amount for future determination under section 1202.4, and had not yet fixed the amount when probation "terminated early as a result of the new legislation." (*Zuniga*, at p. 878.) Indeed, under Orozco's interpretation, a victim's constitutional right to restitution would be frustrated any time a probation term was of short duration and the amount

5

of loss was unascertainable at the time of sentencing. We think it unlikely that the Legislature would have so intended.

Orozco's remaining arguments are likewise unpersuasive — we agree with the reasoning in *McCune* and *Zuniga* and discern no reason to depart from those decisions here. We acknowledge the California Supreme Court has granted review in *McCune*, and it will conclusively resolve the issue in due course.[2] Given that, we need not belabor it further.

Finally, the settled statement indicates the trial court ordered the full restitution amount. But while the amount requested in the oral proceedings was $1,178.47, the amount ultimately identified in the minute orders was $1,232.81. Accordingly, the restitution amount should be amended to $1,178.47. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [oral pronouncement of judgment controls where there is a conflict with the abstract or minute orders].)

## DISPOSITION

The trial court is directed to amend the victim restitution amount owed as $1,178.47. The order is otherwise affirmed.

---

[2] The issue on review is, "Did the trial court exceed its jurisdiction by setting the amount of victim restitution after terminating defendant's probation pursuant to Assembly Bill No. 1950 (Stats. 2020, ch. 328)?" (*McCune, supra*, S276303, Supreme Ct. Mins., Sept. 6, 2022.)

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Fujisaki, J.

A164946