Filed 11/5/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KANIKA MESI WATERS,<br><br>    Defendant and Appellant. | A143557<br><br>(Contra Costa County<br>Super. Ct. No. 1-130590-3)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered that the opinion filed herein on October 26, 2015, be modified as follows:

1. One page 8, third sentence of the first full paragraph, after the words "power to impose restitution," insert the words "in probation cases" so the sentence reads:

> While section 1202.4, subdivision (f) does provide that the court shall require the defendant to make restitution "in every case in which a victim has suffered economic loss as a result of the defendant's conduct," it does not expressly grant trial courts the power to impose restitution in probation cases other than as a condition of probation.

There is no change in judgment.

Respondent's petition for rehearing is denied.

Dated:

_____
Margulies, Acting P.J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>KANIKA MESI WATERS,<br><br>  Defendant and Appellant. | A143557<br><br>(Contra Costa County<br>Super. Ct. No. 1-130590-3) |

Defendant Kanika Mesi Waters appeals from a victim restitution order entered in connection with her plea to one count of grand theft by embezzlement. Defendant argues the court lacked jurisdiction because she successfully completed her probation over two years before the court ordered restitution. We find the court acted in excess of its jurisdiction and therefore reverse.

## I. BACKGROUND

In April 2007, defendant was charged by felony complaint with one count of grand theft embezzlement by clerk, agent, or servant. (Pen. Code,[1] §§ 487, subd. (a), 508.) While defendant was a Bank of America (BofA) employee, she accessed seven customer accounts, changed the customers' addresses to the Hayward address of Elexsis Nation, a former BofA employee, sent new ATM cards and PIN's to Nation's Hayward address, and then updated the customers' information again to reflect their true addresses. Nation used the ATM cards to make numerous withdrawals totaling over $20,000. BofA covered the customers' losses, and in December 2007, filed a victim impact statement, claiming a loss of $20,800.

---

[1] All statutory references are to the Penal Code.

On January 10, 2008, defendant pled no contest to the charges. In reciting the terms of the plea agreement, the prosecutor stated defendant would pay restitution in an amount to be determined. However, when the trial court placed defendant on three years of probation, it only ordered her to pay a $200 restitution fine. It failed to order defendant to pay restitution to BofA.

In November 2008, the probation department filed a petition to revoke probation because defendant failed to report an address change. The court issued a bench warrant. It is unclear from the record what happened next. The record does reflect defendant appeared before the court in custody on May 16, 2011. On May 31, 2011, the court terminated probation as successfully completed.

Over two years later, on October 15, 2013, defendant filed a petition seeking reduction of her felony conviction to a misdemeanor pursuant to section 1203.4. In response, the probation department filed a recommendation, noting victim restitution had not been ordered, even though BofA had earlier filed a victim impact statement requesting $20,800 in restitution.

At a January 3, 2014 hearing on the matter, the court indicated it intended to order restitution. Defense counsel stated defendant was prepared to go forward and would stipulate to restitution in the amount of $20,800. At the conclusion of the hearing, the court stated the section 1203.4 petition would not be granted unless restitution was paid in full.

At hearing held on a March 14, 2014, defendant withdrew her stipulation and contested the amount of restitution. She did not, however, contest the court's jurisdiction to order restitution. The court allowed the withdrawal of the stipulation, and after several continuances, held a hearing to consider evidence concerning the amount of victim restitution on October 31, 2014. At the October 31 hearing, the court set victim restitution at $20,800.

## II. DISCUSSION

The issue on appeal is whether the trial court acted in excess of its jurisdiction by imposing victim restitution after the expiration of defendant's probation. We conclude

2

that it did.  We also conclude defendant is not estopped from challenging the trial court's exercise of jurisdiction.

## A.  *Statutory Scheme*

"In 1982, California voters passed Proposition 8, also known as The Victims' Bill of Rights. . . . Proposition 8 established the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.'  (Cal. Const., art. I, § 28, subd. (b).)  The initiative added article I, section 28, subdivision (b) to the California Constitution:  'It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' "  (*People v. Giordano* (2007) 42 Cal.4th 644, 652.)

As Proposition 8 was not self-executing, the Legislature enacted implementing legislation.  (*People v. Giordano*, *supra*, 42 Cal.4th at p. 652.)  Section 1202.4 authorizes the imposition of restitution fines, which support a fund that compensates victims, and restitution payments to victims. (§ 1202.4, subds. (e), (f).)  Under subdivision (f) of section 1202.4, the trial court is obliged to require the defendant to pay full restitution to victims of a crime "unless it finds compelling and extraordinary reasons for not doing so, and states them on the record."  Under subdivision (m) of section 1202.4, the trial court must incorporate any such order in the defendant's conditions of probation.  In view of these statutory requirements, this court has held a sentence is invalid where a trial court fails to issue a restitution award to the victim.  (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1750–1752.)

Pursuant to section 1170, subdivision (d), a trial court generally "does not have open-ended jurisdiction to modify a sentence; the court's jurisdiction expires after 120 days."  (*People v. Willie* (2005) 133 Cal.App.4th 43, 49.)  Section 1202.46 sets forth an exception to this rule for the purposes of determining restitution:  "Notwithstanding

3

Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing . . . , the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."

As to a trial court's jurisdiction to modify probation, section 1203.3, subdivision (a) provides: "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." Under subdivision (b)(4) of section 1203.3: "The court may modify the time and manner of the term of probation for purposes of measuring the timely payment of restitution obligations or the good conduct and reform of the defendant while on probation. The court shall not modify the dollar amount of the restitution obligations due to the good conduct and reform of the defendant, absent compelling and extraordinary reasons, nor shall the court limit the ability of payees to enforce the obligations in the manner of judgments in civil actions." Subdivision (b)(5) of section 1203.3 states: "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time during the term of the probation."

**B.** *Case Law*

In *In re Griffin* (1967) 67 Cal.2d 343 (*Griffin*), our Supreme Court addressed the meaning of former section 1203.3, which also stated trial courts had the authority to revoke or modify probation " 'at any time during the term of probation.' " (*Griffin*, at p. 346.) In that case, the defendant violated the terms of probation by failing to make required restitution payments. (*Id.* at pp. 344–345.) At the defendant's request, the probation revocation hearing was continued to a date after the expiration of his probation term, at which time his probation was revoked. (*Id.* at p. 345.) The defendant filed a petition for a writ of habeas corpus, arguing the trial court lacked jurisdiction to revoke

4

his probation. (*Id.* at pp. 345–346.) The court found the defendant had asked the trial court to act in excess of its jurisdiction by requesting a continuance and he was therefore estopped from challenging the exercise of jurisdiction. (*Id.* at p. 348.)

The Supreme Court reached a similar conclusion in *In re Bakke* (1986) 42 Cal.3d 84 (*Bakke*). There, the court stayed the imposition of a jail term and sentenced the defendant to probation pending the resolution of the defendant's appeal. (*Id.* at p. 86.) The defendant petitioned for habeas corpus, contending the trial court lost jurisdiction to order execution of the jail term because the appeal had run longer than the period of probation. (*Id.* at p. 89.) Analogizing to *Griffin*, the Supreme Court held the trial court did not exceed its jurisdiction. (*Bakke*, at p. 89.) The court reasoned: "Like a request for a continuance of a revocation hearing, an application for a stay of execution of a jail term pending appeal contemplates that the proceedings related to that term will resume at a later time." (*Ibid.*)

In *People v. Ford* (2015) 61 Cal.4th 282 (*Ford*), the Supreme Court revisited the doctrine of estoppel to contest jurisdiction. At the sentencing in that case, the court ordered the defendant to pay the victim $12,465.88 for medical expenses and reserved jurisdiction to determine the amount of additional restitution, including lost wages. (*Id.* at p. 285.) After the restitution hearing was continued several times, due in part to defense requests for more time, the defendant argued the court lacked jurisdiction to order additional restitution because the defendant's term of probation had expired. (*Id.* at p. 286.) The Supreme Court found the trial court had the power to order restitution. As an initial matter, the court distinguished between a lack of fundamental jurisdiction, i.e., where a court has no authority at all over the subject matter or the parties, and ordinary acts in excess of jurisdiction, which a party may be precluded from challenging due to waiver, estoppel, or the passage of time. (*Id.* at pp. 286–287.) Citing to *Bakke*, the court concluded the expiration of the probationary period did not terminate the court's fundamental jurisdiction. (*Ford*, at p. 287.) The court declined to determine whether the trial court acted in excess of its jurisdiction, finding the defendant's consent to the court's continued exercise of jurisdiction estopped him from challenging it. (*Id.* at p. 288.) The

5

court stated: "In the circumstances here, where defendant's own requests played a role in delaying the proceedings and defendant did not object to a continuance of the restitution hearing to a date beyond his probationary term, he can be understood to have consented to the continuance." (*Ibid.*)

The Second Appellate District recently found a trial court lacked jurisdiction to order restitution after probation expired in *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766 (*Hilton*).[2]  In that case, the defendant pled no contest to driving under the influence and unlawful use of a license after he struck a pedestrian with his vehicle. (*Id.* at p. 769.)  The court ordered the defendant to pay victim restitution of $3,215. (*Ibid.*)  The pedestrian subsequently filed a civil suit against the defendant, which settled for $3.5 million. (*Id.* at pp. 769–770.)  After the defendant's probation expired, the pedestrian filed a motion seeking $886,000 in additional restitution for the attorney fees and costs incurred in the civil action, as well as future lost wages. (*Id.* at p. 770.)  The trial court held it had jurisdiction to consider the motion. (*Ibid.*)

In considering the defendant's petition for writ of mandate, the *Hilton* court found the trial court lacked jurisdiction to order restitution. (*Hilton, supra*, 239 Cal.App.4th at p. 771.)  The court held *Griffin* and its progeny taught that a trial court loses jurisdiction over a defendant once the defendant's probationary term expires. (*Hilton*, at pp. 771–773.)  The court also held section 1203.3, subdivision (b)(4) and (5) reflected a legislative intent that trial courts will lack jurisdiction to impose restitution after the probationary term. (*Hilton*, at pp. 775–776.)  The court rejected the People's contention that the trial court retained jurisdiction to impose restitution under section 1202.46, reasoning section 1202.46 must be harmonized with preexisting statutory and case law. (*Hilton*, at p. 780.)

---

[2] On June 11, 2014, the Supreme Court granted review in *Hilton* and deferred action in the matter pending its disposition of *Ford*.  After *Ford* was decided, the court dismissed review of *Hilton*.  On August 26, 2015, the court granted a request to republish the Second Appellate District's opinion in *Hilton*.

## C. *The Trial Court Acted in Excess of its Jurisdiction*

In this case, the trial court ordered defendant to pay restitution over two years after the expiration of her probation, when she petitioned for dismissal of her felony conviction. We agree with the reasoning of the Second Appellate District in *Hilton* and find the restitution order was an act in excess of the trial court's jurisdiction.

Section 1203.3 limits the trial court's authority to modify the conditions of a defendant's probation, including the defendant's restitution obligations, to the probationary period. Subdivision (a) of the statute states: "The court shall have authority at any time *during the term of probation* to revoke, modify, or change its order of suspension of imposition or execution of sentence." (§ 1203.3, subd. (a), italics added.) Subdivision (b)(4) provides: "The court may modify the time and manner of the term of probation for purposes of measuring the timely payment of restitution obligations or the good conduct and reform of the defendant *while on probation*." (§ 1203.3, subd. (b)(4), italics added.) Likewise, subdivision (b)(5) states: "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time *during the term of the probation*." (§ 1203.3, subd. (b)(5), italics added.)

As the Second Appellate District held in *Hilton*, to construe section 1203.3 as applying after a defendant's probationary term would render the phrases "while on probation" and "during the term of probation" surplusage. (*Hilton*, *supra*, 239 Cal.App.4th at pp. 775–776.) Moreover, when the Legislature enacted subdivision (b)(4) of section 1203.3 in 1995[3] and subdivision (b)(5) in 2000,[4] it is presumed to have been aware of the Supreme Court's earlier decision in *Griffin*, *supra*, 67 Cal.2d at page 346, which holds that " 'the court loses jurisdiction or power to make an order revoking or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period

---

[3] (Former § 1203.3, as amended by Stats. 1995, ch. 313, § 9, p. 1762, eff. Aug. 3, 1995.)

[4] (Former § 1203.3, as amended by Stats. 2000, ch. 1016, § 11, p. 7471.)

7

has expired.' " As the Legislature framed the language of section 1203.3 in a manner similar to that of *Griffin*, we presume it intended to convey the same meaning. (Cf. *People v. Harrison* (1989) 48 Cal.3d 321, 329.)

The Attorney General argues *Griffin* is inapposite because the victim restitution order in this case was not a condition of probation. But the Attorney General has not identified any authority which would allow a trial court to order victim restitution outside of probation in this situation. While section 1202.4, subdivision (f) does provide that the court shall require the defendant to make restitution "in every case in which a victim has suffered economic loss as a result of the defendant's conduct," it does not expressly grant trial courts the power to impose restitution other than as a condition of probation. Moreover, subdivision (m) of section 1202.4 suggests that, in this context, victim restitution can only be ordered as part of probation. Specifically, the provision states: "In every case in which the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation." (§ 1202.4, subd. (m).)

Nor does section 1202.46 support the Attorney General's position. That statute, which was enacted in 1999, provides "the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (§ 1202.46.) Section 1202.46 further states that it should not be construed to prohibit "correction, *at any time*, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons." (Italics added.) The statute's use of the phrase "at any time" cannot be read in isolation and must be harmonized with the preexisting statutory and case law concerning probation, including section 1203.3, which limits the court's power to modify probation and restitution after the expiration of the probationary period.[5]

---

[5] Contrary to the Attorney General's contention, *People v. Moreno* (2003) 108 Cal.App.4th 1, and *People v. Bufford* (2007) 146 Cal.App.4th 966, do not demand a different interpretation. While those cases approved of postjudgment restitution awards,

Accordingly, we conclude that the trial court exceeded its authority by ordering victim restitution after the conclusion of probation. To hold otherwise could lead to anomalous results. For example, under the Attorney General's view, a trial court that fails to consider victim restitution in the first instance, could order a defendant to pay such restitution decades after probation expires. The trial court could even go so far as to order a defendant's estate to pay restitution after learning of the defendant's death. While we are sensitive to concerns about making crime victims whole, there must be some discernible limit to a trial court's power over a defendant after he or she completes his or her sentence.

**D. *Defendant is Not Estopped from Challenging the Exercise of Jurisdiction***

The Attorney General argues that even if the trial court lacked authority to impose restitution after defendant's probation period ended, defendant is estopped from challenging the exercise of that jurisdiction since she failed to object below. We disagree. As discussed above, in at least three cases, *Griffin*, *Bakke*, and *Ford*, the Supreme Court found defendants were estopped from contesting jurisdiction to modify their sentences. In two of those cases, the defendant requested to continue the hearings at issue to a time after the expiration of the defendant's probationary term. (*Griffin*, *supra,* 67 Cal.2d at p. 347; *Bakke*, *supra*, 42 Cal.3d at p. 89.) In the third case, the defendant consented to a continuance of a restitution hearing to a time after probation had expired, and his own requests played a role in delaying the proceedings. (*Ford*, *supra*, 61 Cal.4th at pp. 285–286.) In contrast, in the instant action, no attempt was made to set a restitution hearing until long after defendant successfully completed her probation. Defendant only appeared before the court after the expiration of her probation because

---

neither involved probation. Moreover, in *Moreno*, restitution was ordered while the defendant was still serving his sentence. (*Id.* at pp. 3–4.) And unlike in the instant action, the trial court in *Bufford* expressly ordered the defendant to pay restitution at sentencing. (*Id.* at p. 968.) The issue on appeal was whether the trial court could reserve jurisdiction to set the *amount* of restitution. (*Id.* at p. 970.)

9

she sought to dismiss her felony conviction pursuant to section 1203.4.  Moreover, defendant played no role in delaying the order of restitution.[6]

### III.  DISPOSITION

We reverse the trial court's order directing defendant to pay restitution.

---

[6] Having found defendant is not estopped from challenging the exercise of jurisdiction, we do not reach defendant's ineffective assistance of counsel claim.

_____
Margulies, Acting P. J.

We concur:


_____
Dondero, J.


_____
Banke, J.

A143557
*People v. Waters*

11

Trial Court:   Contra Costa County Superior Court

Trial Judge:   Hon. Terri Mockler

Counsel:

Jonathan Soglin and Jeremy Price, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Catherine A. Rivlin and Allen R. Crown, Deputy Attorneys General for Plaintiff and Respondent.