Filed 7/25/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>SCOTLANE McCUNE,<br><br>        Defendant and Appellant. | A163579<br><br><br>(Napa County Super. Ct.<br>No. CR183930.) |

Scotlane McCune appeals from an order awarding victim restitution. He contends the court lost jurisdiction to order restitution when it terminated his probation early following a change to the Penal Code that shortened his probationary term from five years to two. We disagree. The court retained jurisdiction to determine and award victim restitution under Penal Code sections 1202.4 and 1202.46[1] irrespective of McCune's probation status. We therefore affirm.

## BACKGROUND

McCune crashed his cousin's car into a tree, totaling the car's front end and injuring his passenger. He pled no contest to felony hit and run involving injury (Veh. Code, § 20001, subd. (a)), and the court dismissed a charge of misdemeanor driving without a license (Veh. Code, § 12500, subd. (a)). As part of his plea, McCune agreed to pay restitution to the victim (the passenger).

---

[1] Undesignated statutory citations are to the Penal Code.

1

In June 2018, the court suspended imposition of sentence and placed McCune on five years' probation. McCune was ordered to pay victim restitution in an amount to be determined by the court and probation officer. Two and one-half years later, the probation department filed and served notice that the victim sought $30,166.23 to recoup medical expenses related to his injuries.

Effective the following day, January 1, 2021, the Legislature enacted Assembly Bill No. 1950 (AB 1950) ((2019-2020 Reg. Sess.), Stats. 2020, ch. 328, § 2). With exceptions not pertinent here, the new law amended section 1203.1, subdivision (a) to reduce the maximum felony probation term to two years. Accordingly, two weeks later the probation department (with the district attorney's concurrence) petitioned to terminate McCune's probation. The petition stated McCune would remain liable for victim restitution. The court granted it the same day.

Just over a week later, the prosecution asked the court to set a restitution hearing. The court requested briefing on whether it retained jurisdiction to determine the amount of restitution after probation terminated. Following argument, it ruled that it did and ordered McCune to pay restitution in the stipulated amount of $21,365.94.

## DISCUSSION

McCune does not dispute that the trial court had fundamental jurisdiction when it set the restitution: the court retained jurisdiction over the parties and subject matter after McCune's probation expired. (See *People v. Ford* (2015) 61 Cal.4th 282, 287.) The issue is whether the trial court *exceeded* its jurisdiction—that is, whether the court had no statutory authority to set the amount of restitution after his probation expired. (*Ibid.*) This is a question of statutory interpretation, which we review de novo. (*Burke v. California Coastal Com.* (2008) 168 Cal.App.4th 1098, 1106.)

2

**A.**

Proposition 8, adopted by the voters in 1982, marked a sharp change in the state's policy toward restitution. Formerly, trial courts had discretion to impose victim restitution as a condition of probation. (*People v. Giordano* (2007) 42 Cal.4th 644, 652 (*Giordano*).) Proposition 8 granted crime victims a constitutional right to receive restitution from the convicted person in nearly all cases: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." (Cal. Const., art. I, § 28, former subd. (b).) In 2008, voters passed Proposition 9, which removed the exception for "compelling and extraordinary reasons." (Cal. Const., art. I, § 28, subd. (b)(13); *People v. Pierce* (2015) 234 Cal.App.4th 1334, 1338, fn. 2.)

Consistent with this mandate, the Legislature expanded victims' access to restitution in the 1990's by enacting section 1202.4. (*Giordano*, supra, 42 Cal.4th at p. 653.) Section 1202.4 requires restitution in every case, whether or not probation is granted. (*Ibid*.) Subdivision (f) of the statute addresses the particular situation in this case: "[i]f the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution." (§ 1202.4, subd. (f).)

In that situation—where the court defers setting the amount of restitution until the victim's loss becomes clear—section 1202.46 extends the court's jurisdiction to set the amount: "Notwithstanding Section 1170, when the economic losses of a

3

victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (§ 1202.46.)

Recently, in *People v. Zuniga* (2022) 79 Cal.App.5th 870, petn. for review filed July 15, 2022 (*Zuniga*), our colleagues in the Fourth District considered a case on all fours with our case. Following a hit-and-run, defendant Zuniga agreed to pay full victim restitution in a plea deal and received three years' probation. (*Id.* at pp. 871-872.) Because the victim's losses were not yet clear at the time of sentencing, the trial court included a probation condition that Zuniga would pay restitution in an amount to be determined later, as section 1202.4, subdivision (f) prescribes. (*Ibid.*) As in our case, Zuniga's probation was terminated early, as a result of the new two-year limit in Assembly Bill 1950. (*Id.* at p. 874.) Several months after his probation expired, the court held a restitution hearing and set the amount, despite Zuniga's objection that the court had lost jurisdiction. (*Ibid*).

The Court of Appeal affirmed. The court explained that the trial court had simply followed the process, in section 1202.4, for awarding restitution when the amount is initially uncertain. (*Zuniga, supra,* 79 Cal.App.5th at p. 875.) The trial court retained jurisdiction under section 1202.46 to set the amount notwithstanding the fact that Zuniga's probation had expired. (*Id.* at pp. 875-876.) The court observed that a contrary result would frustrate the clear purpose of the constitutional mandate to award victim restitution. (*Id.* at p. 876; Cal. Const., art. I, § 28.) It also noted that the result is consistent with *People v. Bufford* (2007) 146 Cal.App.4th 966, 970-972 (*Bufford*), a non-probation case, which held that section 1202.46 extends the court's jurisdiction to set restitution despite the defendant's

4

release from prison. (*Zuniga, supra,* at p. 876.) We agree with *Zuniga* on all these points.

As in *Zuniga*, section 1202.46 controls the result here. Because the amount of restitution was uncertain at the time of sentencing, the trial court followed the procedure in section 1202.4: it ordered restitution in an amount to be determined by the court, and it set the restitution later when the amount could be ascertained. (§ 1202.4, subd. (f).) It is immaterial that the court set the amount after McCune's probation had been cut short by a change in law. Section 1202.46 expressly preserves the court's jurisdiction to follow the process in section 1202.4, which serves the constitutional mandate to ensure full victim restitution. (§§ 1202.4, subds. (a), (f), 1202.46; Cal. Const., art. I, § 28; *Zuniga, supra*, 79 Cal.App.5th at p. 876; *Bufford, supra*, 146 Cal.App.4th at p. 971.) Moreover, there is no basis to distinguish non-probationary cases such as *Bufford*; the statutes apply to both probation and non-probation cases. (§§ 1202.4, subds. (a), (f), 1202.46.)

**B.**

McCune argues that section 1202.46 does not extend a court's jurisdiction to set restitution after a defendant's probation expires because the statute is implicitly circumscribed by other statutes that generally authorize a court to revoke, modify, or change probation conditions only during the probationary period. (See, e.g., § 1203.3, subds. (a) [court may revoke, modify, or change a probation order "during the term of probation"], (b)(4) [court may modify terms of probation to ensure timely payment of restitution "while on probation"] and (b)(5) [nothing prohibits court from modifying amount of restitution "during the term of probation"]; *In re Griffin* (1967) 67 Cal.2d 343, 346 [" 'the statute itself furnishes the measure of the power which may thus be exercised.' "].) McCune relies on *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 775-776 (*Hilton*) and *People v. Waters*

5

(2015) 241 Cal.App.4th 822, 829-831 (*Waters*), which support this construction of the statutes.

The *Zuniga* court distinguished *Hilton* and *Waters*. It observed that, in *Waters*, the court ordered restitution for the first time after the defendant's probation had expired, and, in *Hilton*, the court set restitution during the probationary period but later increased the amount after the period had expired. (*Zuniga, supra,* 79 Cal.App.5th at pp. 876-877.) In *Zuniga*, by contrast, the trial court ordered restitution at the time of sentencing and simply fixed the amount when it could be determined, as sections 1202.4 and 1202.46 prescribe. (*Ibid.*) The *Zuniga* court held that this did not "revoke, modify, or change" the original restitution order within the meaning of the general statute governing probation conditions, section 1203.3. Hence, there is no conflict with section 1202.46. In a footnote, the *Waters* court suggests a similar distinction. (*Waters, supra,* 241 Cal.App.4th at p. 831, fn. 5.)

This analysis is somewhat unsatisfying. *Hilton* and *Waters* purported to reconcile a potential conflict between the general probation statute, section 1203.3, and the specific process for deferring fixing the amount of restitution under sections 1202.4 and 1202.46. (*Hilton, supra,* 239 Cal.App.4th at pp. 779-783; *Waters, supra,* 241 Cal.App.4th at pp. 829-831.) They "harmonized" the statutes by holding that the Legislature intended to limit the later statutes so that, like section 1203.3, they allow a court to fix the amount of restitution only during the probationary period. (*Hilton, supra,* at pp. 781-782; *Waters, supra,* at pp. 830-831.) *Hilton* and *Waters* would thus preclude the result in *Zuniga* because, under their interpretation, section 1202.46 does *not* extend a court's jurisdiction beyond the probationary period. Simply distinguishing them leaves the law muddled.

6

We prefer a more straightforward approach. There is no disharmony between sections 1203.3, 1202.4, and 1202.46. Section 1203.3 grants courts authority and jurisdiction to revoke, modify, or change probation conditions generally, including restitution orders, during the term of probation. (§ 1203.3, subds. (a), (b)(4), (b)(5).) Section 1202.4 grants additional authority to address the specific situation in which "the amount of loss cannot be ascertained at the time of sentencing," and it mandates that the restitution order "shall include a provision that the amount shall be determined at the direction of the court." (§ 1202.4, subd. (f).) When a court follows this process, section 1202.46 grants the court jurisdiction "for purposes of imposing or modifying restitution until such time as the losses may be determined" (§ 1202.46), even if that occurs after probation has ended. The statutes simply mean what they say. There is no conflict to resolve.

This approach has several other benefits. First, it gives meaning to the language in section 1202.46 granting a court "jurisdiction" to set restitution, which would be rendered surplusage under *Hilton* and *Waters*. (See *Tucker Land Co. v. State of California* (2001) 94 Cal.App.4th 1191, 1197.) Second, it serves the constitutional mandate that crime victims shall be awarded full restitution. (Cal. Const., art. I, § 28, subd. (b)(13)(B); see also, § 1202.4, subd. (f).) Third, it avoids a conflict with *Bufford, supra,* 146 Cal.App.4th 966, which adopts a similarly straightforward interpretation of the statute in a non-probation case. The Legislature intended sections 1202.4 and 1202.46 to apply in both probation and non-probation cases (see *Giordano, supra,* 42 Cal.4th at p. 653), and nothing indicates it intended to make it harder for victims in probation cases to receive full restitution.

Finally, we see no unfairness to defendants like McCune. The *Waters* and *Hilton* courts were apparently concerned that

7

courts could surprise former defendants by issuing restitution orders out of the blue sky decades after probation ended. *(Waters, supra,* 241 Cal.App.4th at p. 831; *Hilton, supra,* 239 Cal.App.4th at p. 769.)* The process in sections 1202.4 and 1202.46 puts a defendant on notice at the sentencing hearing that the court will issue a further restitution order once the victim's loss becomes more certain. Moreover, McCune agreed to pay victim restitution as part of his plea deal. The court set the restitution amount just halfway through his original five-year probationary period, which ordinarily would raise no question about jurisdiction. We see no reason why McCune should receive a windfall simply because his probation was cut short by a change in the law.

## DISPOSITION

The restitution order is affirmed.

8

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

WISEMAN, J.[*]

A163579

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9

Napa County Superior Court No. CR183930, Hon. Elia Ortiz.

Kaiya R. Pirolo, under appointment by the First District Appellate Project, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Melissa Mandel, Supervising Deputy Attorney General, and Teresa Torreblanca, Deputy Attorney General, for Plaintiff and Respondent.