Filed 11/13/23  P. v. Eaton CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL SHANE EATON,<br><br>    Defendant and Appellant. | H050146<br>(Santa Cruz County<br>Super. Ct. No. 18CR07956) |

Defendant Michael Shane Eaton challenges an order for victim restitution fixing the amount only after Eaton's probation had expired.  For the reasons discussed here, we will affirm the order.

### PROCEDURAL BACKGROUND

Eaton was charged with felony vandalism (Pen. Code § 594, subd. (a)) and misdemeanor obstructing a peace officer (Pen. Code § 148, subd. (a)(1)) based on damaging the doors of a parked vehicle.  (We omit the details of the offense as they are not relevant to the analysis and disposition of the appeal.)  After he admitted the vandalism charge, the court suspended imposition of sentence and placed Eaton on formal probation for three years commencing in February 2019.  As a term of probation, the court ordered Eaton to pay restitution to the vandalism victim in an amount to be determined.

The court found Eaton to be in violation of probation in May 2019, December 2019, and December 2020.  In each instance, probation was reinstated and the court set a

new projected probation termination date. Eaton was also twice found incompetent. Criminal proceedings were suspended in July 2019 and resumed in October 2019; they were again suspended in April 2021 and resumed in December 2021 after commitment and treatment at the Department of State Hospitals. The following month, Eaton admitted a violation of probation based on a new conviction; the court reinstated probation and credited Eaton with 272 days in custody. At the same hearing, the court reduced the term of probation to two years based on Assembly Bill No. 1950 (2019–2020 Reg. Sess. [amending Penal Code section 1203.1, subdivision (a) to reduce the maximum felony probation term to two years, with certain exceptions not applicable here]), and the parties acknowledged that the probation department would calculate the new expiration date.

On March 17, 2022, the district attorney filed a request to calendar the case for a restitution hearing, which the court set for May 9. On March 28 the district attorney notified Eaton of the May 9 restitution hearing in writing and attached the victim's restitution request form dated March 29, 2021 along with supporting documentation, including a January 2019 estimate from an auto body shop for repairs to the victim's vehicle.

Counsel appeared at the hearing on May 9, 2022, and the court continued the matter to determine if probation had expired. At the next hearing on May 26 the probation officer informed the court that Eaton's probation expired on March 23, 2022, per Assembly Bill No. 1950. The court then requested briefing on whether it had jurisdiction to determine the restitution amount, given that Eaton's probation had expired two months earlier.

At the final hearing on June 20, 2022, the court granted the request to set restitution: "Given that restitution was ordered originally as a condition of probation, given that the People made the request during the term of probation, given that it's no longer a condition of probation, but it is an order of the Court and an authorized order of

2

the Court under Penal Code Section 1202.46, I do think it is appropriate at this point to set the amount at this time, despite the fact that probation has technically expired." The court ordered Eaton to pay victim restitution in the amount of $5,458.70.

## DISCUSSION

Eaton argues that under Penal Code section 1202.46, the trial court lacked jurisdiction to set the restitution amount because his probation term had expired and the amount of loss could have been determined before probation ended. The Attorney General notes that a sentence omitting full restitution is invalid under the California Constitution, and argues the court did not exceed its jurisdiction according to Penal Code sections 1202.4 and 1202.46. We review the issue de novo, as it presents a question of statutory interpretation and the material facts are undisputed. (See *Burke v. California Coastal Com.* (2008) 168 Cal.App.4th 1098, 1106.) We note the California Supreme Court is considering the issue in *People v. McCune* (2022) 81 Cal.App.5th 648, review granted Oct. 26, 2022, S276303 (*McCune*).

Penal Code section 1202.4, subdivision (f) states: "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." (§ 1202.4, subd. (f).) Penal Code section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4." (§ 1202.46; unspecified statutory references are to the Penal Code.)

3

The legal issue here is very similar to the one addressed in *People v. Zuniga* (2022) 79 Cal.App.5th 870 (*Zuniga*) where the court of appeal rejected a challenge to victim restitution set after the expiration of probation. Zuniga had received a grant of three years' formal probation, which included the condition to pay restitution in an amount to be determined by the probation officer. (*Zuniga*, at p. 873.) Assembly Bill No. 1950 then took effect, reducing Zuniga's probation term to two years. (*Ibid.*) There was no dispute that Zuniga's probation had terminated as of December 31, 2020 by operation of Assembly Bill No. 1950 before the amount of restitution was determined. After the victim contacted the probation department in April 2021 to request restitution, the probation officer filed reports with the court in August and September 2021 showing the victim's loss totaling $313,518.74 in medical expenses due to the hit and run incident underlying Zuniga's conviction. (*Ibid.*) The trial court ruled that it retained jurisdiction to determine the amount of restitution, and it ordered Zuniga to pay the full amount requested. (*Id.* at p. 874.)

The *Zuniga* court noted that the passage of Proposition 8 in 1982 amended the California Constitution to grant crime victims the right to receive restitution from persons convicted of crimes for losses they suffer. (*Zuniga*, *supra*, 79 Cal.App.5th at p. 875.) The Legislature later enacted section 1202.4 to require restitution in every case, whether or not probation is granted. (*Ibid.*, citing *People v. Giordano* (2007) 42 Cal.4th 644, 653.) Applying section 1202.46, the court on appeal agreed that the expiration of probation did not deprive the court of jurisdiction to set the amount of victim restitution. (*Zuniga*, *supra*, 79 Cal.App.5th at p. 876.) The court reasoned that the original probation order included a condition to pay victim restitution in an amount to be determined later, and under section 1202.46 the trial court retained jurisdiction "until such time as the restitution amount could be determined." (*Zuniga*, at p. 876.) Similarly in *McCune*, the court of appeal affirmed an order identifying the amount of restitution only after the probation term had expired by operation of Assembly Bill No. 1950. The court noted

4

that the trial court had set the restitution amount "just halfway through [McCune's] original five-year probationary period, which ordinarily would raise no question about jurisdiction." (*McCune*, *supra*, 81 Cal.App.5th at p. 655.)

Eaton does not appear to dispute that a court retains jurisdiction under section 1202.46 to set a restitution amount after probation expires where the losses were not ascertainable when probation ended. But he argues that the statute does not extend to the situation presented here because, unlike in *Zuniga* and *McCune*, the amount of the victim's loss was known to the district attorney before Eaton's probation expired. He emphasizes that the victim signed a restitution request form in March 2021, a year before probation expired in March 2022.

In our view, the trial court's ruling is consistent with the language and intent of the statutes. As in *Zuniga*, the trial court here had imposed as one of the original conditions of probation the payment of victim restitution in an amount to be later determined. (Compare *People v. Waters* (2015) 241 Cal.App.4th 822 [no restitution ordered at sentencing]; *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766 [restitution amount specified during probation and increased after expiration].) The court proceeded to set the amount promptly after it received confirmation that the probation period had been shortened under Assembly Bill No. 1950 to end on March 23, 2022 instead of June 23, 2022. And as in *McCune*, the district attorney sought a hearing to determine the restitution amount before Eaton's shortened probation term ended, and both the hearing and the resulting order occurred before the date on which Eaton's three-year probation would have ended if not for Assembly Bill No. 1950.

As the court stated in *People v. Bufford* (2007) 146 Cal.App.4th 966, 971 (regarding a restitution order made after the defendant had served her entire prison sentence): "Under a reading of the plain language of section 1202.4, if the court cannot determine the amount of restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the

5

permissible reasons that may prevent fixing the amount of restitution." (*Id*. at p. 971; accord *In re A.R.* (2022) 78 Cal.App.5th 184, 189 ["*Bufford*, at a minimum, refutes appellant's argument that the amounts of loss in this case must be considered ascertainable as a matter of law because there were incident reports showing the loss amounts first claimed by the victims."].) Consistent with these authorities, we see nothing in the applicable statutes to deprive the court of jurisdiction to fix the amount of restitution after probation expired merely because the district attorney was in possession of the amount requested before the expiration date.

## DISPOSITION

The June 20, 2022 order for payment of victim restitution in a specified amount is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H050146**
***People v. Eaton***