Filed 5/23/24

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TAKEYA LASHAY KOONTZY,<br><br>        Defendant and Appellant. | A167703<br><br>(Napa County<br>Super. Ct. No. CR183615) |


Defendant and appellant Takeya Lashay Koontzy (appellant) pled no contest to fleeing the scene of an injury accident (Veh. Code § 20001, subd. (a)) and was placed on probation with the condition that she pay victim restitution in an amount to be determined. Due in large part to the victim's delay in providing documentation of her damages and the victim's failure to appear on multiple dates set for restitution hearings, the trial court did not determine the amount of restitution before termination of appellant's probation. More than two years post-termination, the court entered an order directing appellant to pay $86,306.12 in victim restitution.

Appellant contends the trial court was without authority to modify the amount of restitution owed to the victim following termination of probation. Appellant relies on *People v. Martinez* (2017) 2 Cal.5th 1093 (*Martinez*) to argue that the court's jurisdiction to do so was not extended by Penal Code

section 1202.46[1] because the restitution was not for losses incurred "as a result of the commission of a crime." (§ 1202.4, subd. (a)(1).) We agree, and distinguish the present case from our decision in *People v. McCune* (2022) 81 Cal.App.5th 648, 651–652, review granted Oct. 26, 2022, S276303 (*McCune*), in which there was no dispute that the restitution was properly imposed under section 1202.4.[2]

BACKGROUND

In June 2017, the Napa County District Attorney filed a criminal complaint charging appellant with fleeing the scene of an injury accident (Veh. Code § 20001, subd. (a); count one) and with reckless driving (Veh. Code § 23103, subd. (a); count two).[3]

In November 2017, pursuant to an agreement, appellant pleaded no contest to count one and count two was dismissed. She agreed to pay "full

---

[1] All undesignated statutory references are to the Penal Code.

[2] The Supreme Court granted review in *McCune* to consider the question, "Did the trial court exceed its jurisdiction by setting the amount of victim restitution after terminating defendant's probation pursuant to Assembly Bill No. 1950 (Stats. 2020, ch. 328)?" (*McCune, supra*, S276303.)

[3] A detailed summary of the underlying offense is not necessary to resolve the issue on appeal. In brief, according to summaries in a probation report and respondent's restitution brief below, the victim was standing on the side of a road speaking to another person when she was struck by the side view mirror of appellant's car as appellant drove by. Appellant did not stop and was later detained. The victim had injuries to her abdomen and arm and a hairline fracture to her back. At the time of the collision, the victim was not covered by medical insurance because her husband's benefits from a new job had not yet taken effect.

restitution for all losses & expenses incurred due to this collision."[4]  In January 2018, the trial court suspended imposition of sentence and placed appellant on formal probation for three years subject to various terms and conditions, including that she pay victim restitution in an amount to be determined.

In April 2019, the probation department filed a restitution investigation report indicating that the victim had requested $86,347.77 in restitution for "medical bills, ambulance fees, and prescription costs."  A contested restitution hearing was set and continued numerous times. Hearings in May, July, and August were continued because the parties were awaiting supporting documentation from the victim.  At the August hearing, the prosecutor stated, "it appears through the notes that our victim hasn't always responded in a timely manner, which has led to some of the delays." At an October hearing, the prosecutor stated that she received the supporting documentation but mistakenly never provided it to the defense.  December 2019 and January 2020 hearings were continued because the victim failed to appear, and the prosecution asked that the matter be taken off calendar when the victim again failed to appear in February 2020, despite receiving a subpoena for her appearance.

Appellant completed the three-year term of probation on January 31, 2021.[5]  In February 2022, appellant filed a petition for dismissal pursuant to

---

[4] The plea agreement did not include a *Harvey* waiver as to the reckless driving charge (see *People v. Harvey* (1979) 25 Cal.3d 754), so we need not consider whether such a waiver would affect the result on appeal.

[5] It appears the probation term actually terminated earlier under Assembly Bill No. 1950 (2019–2020 Reg. Sess.), effective January 1, 2021, which limited most probation terms to two years (Stats. 2020, ch. 328, § 1).

section 1203.4.  In April 2022, the prosecution sought a determination of restitution, and, in July 2022, over appellant's objection, the trial court concluded it retained jurisdiction to modify the victim restitution order.

In April 2023, the trial court conducted a contested restitution hearing. The prosecution opted to rely solely on the medical documentation and presented a packet of documents including two hospital bills, an ambulance bill, bills for prescriptions, and additional medical bills, totaling $86,306.12.[6] The court ordered victim restitution in that amount, plus 10 percent annual interest.  The present appeal followed.

## DISCUSSION

Appellant argues the trial court exceeded its authority by modifying the restitution order following termination of probation.  She acknowledges this court held in *McCune, supra,* 81 Cal.App.5th 648, that section 1202.46 extends a trial court's jurisdiction to modify a section 1202.4 restitution order.  However, she argues that, in the present case, the trial court was not authorized to order restitution under section 1202.4 for losses due to the collision, because her criminal conduct in fleeing the scene of the accident was not the cause of those losses.[7]  (See *Martinez, supra,* 2 Cal.5th 1093

---

(See *People v. Zuniga* (2022) 79 Cal.App.5th 870, 874 & fn. 3; see also *McCune, supra,* 81 Cal.App.5th at pp. 652–653.)

[6] We observe that this was virtually identical to the amount disclosed in the April 2019 restitution investigation report prepared by the probation department.

[7] Section 1202.4 provides in part:  "(a)(1) It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime  [¶] . . . [¶]  (f) Except as provided in subdivisions (p) and (q), in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make

[defendant who pled guilty only to leaving scene of an injury accident may not be ordered to pay restitution for damages caused by the collision].)  She contends the governing statutes are sections 1203.1 and 1203.3, relating to conditions of probation generally, and those statutes do not permit modification of a condition after termination of probation.  Reviewing de novo the question of the scope of the trial court's statutory authority (*McCune*, at pp. 651–652), we conclude the trial court erred in modifying the restitution order after termination of appellant's probation.

"Proposition 8, adopted by the voters in 1982, marked a sharp change in the state's policy toward restitution.  Formerly, trial courts had discretion to impose victim restitution as a condition of probation.  [Citation.] Proposition 8 granted crime victims a constitutional right to receive restitution from the convicted person in nearly all cases . . . .  [¶]  Consistent with this mandate, the Legislature expanded victims' access to restitution in the 1990's by enacting section 1202.4. . . .  Subdivision (f) of section 1202.4 [provides]:  '[i]f the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.  The court shall order full restitution.'  [¶]  In that situation—where the court defers setting the amount of restitution until the victim's loss becomes clear—section 1202.46 extends

restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.  If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.  The court shall order full restitution. . . . [¶] . . . [¶]  [(f)](3) To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct . . . ."

5

the court's jurisdiction to set the amount: 'Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined.' (§ 1202.46.) [¶] . . . [¶] Section 1202.46 expressly preserves the court's jurisdiction to follow the process in section 1202.4, which serves the constitutional mandate to ensure full victim restitution." (*McCune, supra,* 81 Cal.App.5th at pp. 652–653.)

*McCune* discussed the relationship between sections 1202.4, 1202.46, and 1203.3. The court concluded that the trial court's authority to set restitution under section 1202.4 after termination of probation was not "implicitly circumscribed by other statutes that generally authorize a court to revoke, modify, or change probation conditions *only* during the probationary period. (See, e.g., § 1203.3, subds. (a) [court may revoke, modify, or change a probation order 'during the term of probation'], (b)(4) [court may modify terms of probation to ensure timely payment of restitution 'while on probation'], (b)(5) [nothing prohibits court from modifying amount of restitution 'during the term of probation']; [citation].)" (*McCune, supra,* 81 Cal.App.5th at pp. 653–654, italics added.) *McCune* declined to follow the decisions in *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766 (*Hilton*) and *People v. Waters* (2015) 241 Cal.App.4th 822 (*Waters*), which construed section 1203.3 to constrain a trial court's authority to modify a section 1202.4 restitution order after termination of probation. *McCune* reasoned, "There is no disharmony between sections 1203.3, 1202.4, and 1202.46. Section 1203.3 grants courts authority and jurisdiction to revoke, modify, or change probation conditions generally, including restitution orders, during the term

6

of probation. (§ 1203.3, subds. (a), (b)(4) [&] (5).) Section 1202.4 grants additional authority to address the specific situation in which 'the amount of loss cannot be ascertained at the time of sentencing,' and it mandates that the restitution order 'shall include a provision that the amount shall be determined at the direction of the court.' (§ 1202.4, subd. (f).) When a court follows this process, section 1202.46 grants the court jurisdiction 'for purposes of imposing or modifying restitution until such time as the losses may be determined' (§ 1202.46), even if that occurs after probation has ended." (*McCune*, at pp. 654–655.)

Appellant argues *McCune* is distinguishable because the restitution order in the present case could *not* have been made pursuant to section 1202.4, because the victim's damages were *not* due to her criminal conduct. We agree. The California Supreme Court's decision in *Martinez, supra*, 2 Cal.5th 1093, which also involved a conviction under Vehicle Code section 20001, subdivision (a), is directly on point. *Martinez* explained that, "[A]lthough the Vehicle Code section 20001(a) offense is commonly referred to as a hit and run, the term is something of a misnomer; the offense is 'more accurately described as fleeing the scene of an injury accident.' [Citation.] That is to say, ' "the act made criminal" ' under the statute ' "is not the 'hitting' but the 'running.' " ' [Citation.] ' "The legislative purpose of sections 20001 and 20003 is to prevent the driver of a vehicle involved in an injury-causing accident from leaving injured persons in distress and danger for want of medical care and from attempting to avoid possible civil or criminal liability for the accident by failing to identify oneself." ' " (*Martinez*, at p. 1102.)

Turning to the question of restitution, *Martinez* reasoned, "Where, as here, a criminal defendant is convicted and sentenced to state prison,

section 1202.4 . . . provides that the defendant must pay restitution directly to the victim for losses incurred 'as a result of the commission of a crime.' (§ 1202.4, subd. (a)(1); see [citation].) 'To the extent possible,' direct victim restitution is to be ordered in an amount 'sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct.' (§ 1202.4, subd. (f)(3).) Application of these provisions depends on the relationship between the victim's loss and the defendant's crime. Here, defendant's crime was not being involved in a traffic accident, nor does his conviction imply that he was at fault in the accident. Defendant's crime, rather, was leaving the scene of the accident without presenting identification or rendering aid. Thus, under section 1202.4, the trial court was authorized to order restitution for those injuries that were caused or exacerbated by defendant's criminal flight from the scene of the accident, but it was not authorized to award restitution for injuries resulting from the accident itself." (*Martinez*, *supra*, 2 Cal.5th at pp. 1097–1098; see also *id*. at pp. 1104–1105, 1107.)

Respondent does not dispute appellant's contention that the restitution order is entirely for losses due to the accident itself, rather than for any losses caused or exacerbated by appellant's flight. Notably, another person was present at the time of the collision, so there is no basis in the record to infer that appellant's flight led to any delay in the victim receiving medical assistance. Thus, under *Martinez*, the restitution order was *not* authorized by section 1202.4. As the Supreme Court explained, " '[c]onvicted criminals may be required to pay one or more of three types of restitution.' [Citation.] They may be required to pay a restitution fine into the state Restitution Fund, to pay restitution directly to the victim, or to pay restitution as a condition of probation. The statutory requirements vary depending on the

type of restitution at issue." (*Martinez, supra*, 2 Cal.5th at p. 1100.) The second type of restitution is that mandated by section 1202.4, which requires "direct victim restitution for losses resulting from the defendant's crime." (*Id.* at p. 1107.)[8] In addition, under section 1203.1,[9] " '[i]n granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety,' including the power to 'regulate conduct "not itself criminal" ' but ' "reasonably related to the crime of which the defendant was convicted or to future criminality." ' [Citations.] This discretion . . . has long been held to include the power to order restitution 'even when the loss was not necessarily caused by the criminal conduct underlying the conviction,' including in cases in which 'the loss was caused by related conduct not resulting in a conviction [citation], by conduct underlying dismissed and uncharged counts [citation], and by conduct resulting in an acquittal [citation].' . . . A trial court's power to order restitution in probation cases is thus broader than its power to order direct victim restitution under section

---

[8] Because section 1202.4 implements the right to direct victim restitution under the California Constitution (Cal. Const., art. I, § 28, subd. (b)(13); *Martinez*, 2 Cal.5th at p. 1100 & fn. 1), respondent's argument that the restitution order in the present case was mandated by the Constitution also fails. (See *Martinez*, at p. 1100 [characterizing the constitutional right as "a right to be compensated by the defendant for losses incurred as a result of the defendant's crime"].) As explained, the restitution order in the present case could not be imposed as direct victim restitution within the meaning of section 1202.4 and the Constitution.

[9] Section 1203.1, subdivision (j) provides in part, "The court may impose and require any or all of the terms of imprisonment, fine, and conditions specified in this section, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ."

1202.4 in cases in which the defendant receives a nonprobationary sentence."
(*Martinez*, at p. 1101; see also *People v. Anderson* (2010) 50 Cal.4th 19, 29
["Trial courts continue to retain authority to impose restitution as a condition
of probation in circumstances not otherwise dictated by section 1202.4. . . .
When section 1202.4 imposes its mandatory requirements in favor of a
victim's right to restitution, the statute is explicit and narrow.  When section
1203.1 provides the court with discretion to achieve a defendant's
reformation, its ambit is necessarily broader"].)[10]

Accordingly, under *Martinez*, the trial court could order restitution for
losses due to the accident itself only as a probation condition under
section 1203.1.  (*Martinez*, *supra*, 2 Cal.5th at p. 1101; see also *People v.
Carbajal* (1995) 10 Cal.4th 1114, 1119 [holding that trial court did not abuse
its discretion in a hit-and-run case by conditioning the defendant's probation
on the payment of restitution to the owner of property damaged in the
underlying accident].)  And, critically, section 1202.46 only authorizes the
retention of jurisdiction for imposing or modifying restitution "when the
economic losses of a victim cannot be ascertained at the time of sentencing
pursuant to subdivision (f) of Section 1202.4."  Therefore, modification of the
restitution order after termination of probation could not, in this case, be
based on the express retention of jurisdiction in section 1202.46.

Probation conditions ordered under section 1203.1 are subject to the
limitations imposed by section 1203.3 and may not be modified following

_____

        [10] Although *Martinez* distinguishes between direct victim restitution
under section 1202.4 and restitution ordered as a condition of probation,
section 1202.4 "requires restitution in every case, without respect to whether
probation is granted."  (*People v. Giordano* (2007) 42 Cal.4th 644, 653.)
Section 1203.1 provides additional authority for such an order, as well as
"broader discretion" as to the scope of restitution.  (*Giordano*, at p. 653.)

termination of probation.  (*McCune, supra*, 81 Cal.App.5th at pp. 653–654, citing and quoting § 1203.3, subds. (a), (b)(4) & (b)(5).)  *McCune* also acknowledged the Supreme Court's decision in *In re Griffin* (1967) 67 Cal.2d 343, 346, which observed that, "The cases have consistently taken the view . . . that 'the statute itself furnishes the measure of the power which may thus be exercised' and 'the court loses jurisdiction or power to make an order revoking or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period has expired.' " (Accord, *Waters, supra*, 241 Cal.App.4th at pp. 829–830; *Hilton, supra*, 239 Cal.App.4th at pp. 772–776; see *McCune*, at p. 654 [citing *Griffin*].)[11]

Respondent argues that *McCune, supra*, 81 Cal.App.5th 648 should lead us to deny relief to appellant.  *McCune* had the same basic factual and procedural background as this case:  a defendant convicted of fleeing the scene of an injury accident was placed on probation and ordered to pay restitution to the victim in an amount to be determined.  That determination was not made until after probation expired.  In *McCune,* we upheld the post-termination restitution order under section 1202.46.  (*McCune*, at pp. 651, 653.)  We continue to believe that section 1202.46 authorizes determination of the amount of a section 1202.4 restitution order after termination of probation, and we reject appellant's arguments to the contrary.  However, as discussed above, we agree with appellant's argument that *Martinez* clarifies

---

[11] The *Hilton* and *Waters* decisions properly construed the Penal Code as it relates to a restitution order imposed solely under a trial court's discretion to fashion conditions of probation; where we believe those courts erred was in concluding that section 1202.46 does not extend a court's jurisdiction where a court properly imposes restitution under section 1202.4. (See *McCune, supra*, 81 Cal.App.5th at pp. 653–655.)

that the restitution order in the present case was *not* issued pursuant to section 1202.4, because the victim's damages were *not* due to appellant's criminal conduct. This contention was neither raised in *McCune* nor considered by this court in that case. Thus, *McCune* is not authority for rejecting appellant's position. (*McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611 ["A case is not authority for a proposition not considered therein or an issue not presented by its own particular facts."].)

Finally, respondent argues[12] that the retention of jurisdiction in section 1202.46 extends to a probation order awarding restitution that could not be awarded under section 1202.4: "[T]he reference to the determination of economic loss contained in section 1202.46—by way of reference to section 1202.4, subdivision (f)—was one of process only and was not intended as a limitation on a trial court's ability to determine the amount of restitution in a probation case once probation has expired." However, the references to section 1202.4 in section 1202.46[13] support a conclusion that retention of jurisdiction is limited to restitution orders for losses resulting from a defendant's criminal conduct—which is the scope of restitution mandated by section 1202.4 and the California Constitution. Had the Legislature intended

_____

[12] Respondent failed to address appellant's argument based on *Martinez* in its brief on appeal, but it filed a petition for rehearing responding to the argument.

[13] Section 1202.46 provides, "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4."

to apply section 1202.46 to all restitution orders, including those imposed as probation conditions for losses not resulting from a defendant's criminal conduct, there would have been no need to include the reference to subdivision (f) of section 1202.4 in the first sentence of section 1202.46. (See *People v. Hudson* (2006) 38 Cal.4th 1002, 1010 ["interpretations that render statutory terms meaningless as surplusage are to be avoided"]; accord, *Plantier v. Ramona Mun. Water Dist.* (2019) 7 Cal.5th 372, 386.)[14]

In sum, it is undisputed that the restitution order in this case is for losses due to the collision rather than losses due to appellant's criminal conduct in leaving the scene. Thus, the trial court was not authorized to impose the restitution obligation under section 1202.4. Because the order was not imposed under section 1202.4, section 1202.46 did not provide a basis to extend jurisdiction to modify restitution following termination of probation. Instead, the restitution order was a condition imposed under section 1203.1, and it was subject to the limitations in section 1203.3 permitting modification of probation conditions only during the term of probation. Accordingly, the trial court was without authority to modify the restitution order following termination of probation.

## DISPOSITION

The trial court's April 2023 restitution order is reversed.

---

[14] Respondent also points out that sections 1203.1 and 1203.3 contain references to section 1202.4: in section 1203.1, subdivision (a)(3), language stating that a restitution order is "enforceable as a civil judgment forthwith and in accordance with section 1202.4;" and in section 1203.3, subdivision (b)(5), language that the "section does not prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time during the term of the probation." But those limited references do not mean that all restitution awards imposed as probation conditions may be treated as section 1202.4 awards for purposes of section 1202.46.

SIMONS, J.

WE CONCUR:

JACKSON, P. J.

BURNS, J.

A167703
*People v. Koontzy*

14

Trial Court:       Napa County Superior Court

Trial Judge:       Hon. Mark S. Boessenecker

Counsel:

The Law Office of Kaiya Pirolo and Kaiya R. Pirolo under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General and Heidi Salerno, Deputy Attorney General for Plaintiff and Respondent.